**WAGNER ELECTRIC CORPORATION,**
Appellant-Appellee,

v.

**LOCAL 1104, INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS,** Appellee-Appellant.

Nos. 73–1440, 73–1470.

United States Court of Appeals,
Eighth Circuit.

Submitted March 15, 1974.

Decided May 17, 1974.

Daniel J. Sullivan, St. Louis, Mo., for Wagner Electric Corp.

S. Sheldon Weinhaus, St. Louis, Mo., for Local 1104.

Before VAN OOSTERHOUT and MATTHES, Senior Circuit Judges, and LAY, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This is an action under § 301 of the Labor Management Relations Act, 29 U. S.C. § 185, for injunctive relief and damages resulting from a work stoppage alleged to be in violation of a no-strike provision in a collective bargaining agreement between the parties. The trial court, Judge Regan presiding, issued a temporary restraining order, after which the employees of the plaintiff returned to work. Trial was later held on the issues of liability, damages and the issuance of a permanent injunction. The evidence was extensive and conflicting. In an opinion reported at 361 F. Supp. 647 (E.D.Mo.1973), Judge Regan held that the defendant union was liable for breaching the no-strike provision of the contract, found that the plaintiff had suffered damages in the amount of $70,000, but denied the issuance of a permanent injunction.[1] Judgment was

---

1. Judge Regan found that the temporary restraining order had served its purpose of returning the men to work, that it was unlikely that another strike would occur, and that there was thus no need for a permanent injunction. 361 F.Supp. at 651. Neither party appeals from that determination.

entered accordingly. The union appeals from the finding of liability and the damage award for the plaintiff; the company cross-appeals from the damage award. The opinion and judgment are affirmed in all respects.

The facts which support the finding made and the judgment based thereon are fairly set out in detail in Judge Regan's well-considered opinion and will not be repeated here.

### LIABILITY.

The union claims that the finding of its liability for the strike was erroneous. It contends that the walkout was a wild-cat strike which was neither called nor supported by the union as such, but was the result of spontaneous action by the individual members. The union points to such evidence as the facts that no formal strike vote was ever taken at the union meetings preceding the walkout, and that the union issued a press release on August 10, 1971, disavowing any responsibility or support for the strike and directing its members to return to work.

■■ However, neither of these facts compel a finding that the union was not responsible for the strike. The absence of a formal strike vote is not decisive on the question of a union's involvement in a strike action. International Bhd. of Electrical Workers (Roane-Anderson Co.), 82 NLRB 696, 711 (1949). See 29 U.S.C. § 185(e). However, it is well established that a union is responsible for the mass action of its rank and file members as long as it is a functioning entity. Vulcan Materials Co. v. United Steelworkers, 430 F. 2d 446, 455 (5th Cir. 1970), cert. denied, 401 U.S. 963, 91 S.Ct. 974, 28 L.Ed.2d 247 (1971); United States v. United Mine Workers, 77 F.Supp. 563, 566 (D. D.C.1948), aff'd, 85 U.S.App.D.C. 149, 177 F.2d 29, cert. denied, 338 U.S. 871, 94 L.Ed. 535 (1949); Adley Express Co. v. Highway Truck Drivers Local 107, 349 F.Supp. 436, 443 (1972), reaff'd, 365 F.Supp. 769, 777 (E.D.Pa.1973). A

union is responsible for the actions of its officers and members according to the ordinary doctrines of agency. United Mine Workers v. Gibbs, 383 U.S. 715, 736, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Mason-Rust v. Laborers' Int'l Union Local 42, 435 F.2d 939, 943 (8th Cir. 1970); United Steel Workers v. CCI Corp., 395 F.2d 529, 532 (10th Cir. 1968), cert. denied, 393 U.S. 1019, 89 S. Ct. 627, 21 L.Ed.2d 564 (1969). See International Ladies' Garment Workers Union v. NLRB, 99 U.S.App.D.C. 64, 237 F.2d 545, 551 (1956).

■■ Neither does the issuance of an exculpatory press release absolve a union of liability for the violation of a no-strike provision. A union is required to use its best efforts to return striking workers to their jobs if it is not to be held responsible for their actions. Vulcan Materials, supra, 430 F.2d at 457; United States v. United Mine Workers, supra, 177 F.2d at 39; Eazor Express, Inc. v. Teamsters Local 249, 357 F.Supp. 158, 163–165 (W.D.Pa.1973); Adley Express, supra, 349 F.Supp. at 444.

■ From the evidence presented at trial, Judge Regan found that the union was responsible for the strike because of the circumstances surrounding the union meetings, the involvement of union officers and stewards in initiating the strike, the participation of every one of the 2700 union members in the strike, and the minimal efforts of the union hierarchy in attempting to end the walkout. He found that the exculpatory press release was belated and not sufficient to absolve the union of liability under the circumstances. The trial judge has the opportunity to judge the credibility of the witnesses and weigh the evidence, and his findings may not be set aside unless they are clearly erroneous. Fed.R.Civ.P. 52(a); Mason-Rust, supra, 435 F.2d at 943.

The court's liability determination is supported by substantial evidence and is not induced by any erroneous view of the law.

## DAMAGES.

Defendant claims the damages allowed are not supported by substantial evidence and that they are excessive. Plaintiff on cross appeal urges that the damages allowed are inadequate.

The fact of damages arising out of the breach of the no-strike agreement in the company's contract with the union is clearly established. Plaintiff's business is a substantial one employing some 2700 union members. By reason of the strike no labor was available to produce inventory and carry on the company's business on August 10 and only a limited number of union employees reported for work on August 11. The trial court properly held plaintiff was entitled to prove continuing overhead costs not offset by production with respect to August 10 and part of August 11. United Electrical Workers v. Oliver Corp., 205 F.2d 376, 387 (8th Cir. 1953). *See generally* Annotation, 92 A.L.R.2d 1232 (1963). The trial court recognized that in a situation such as here presented, it is impossible to determine damages with mathematical precision. Where, as here, the fact of damage has been established, the court may approximate damages on the basis of just and reasonable inferences from the evidence. Story Parchment Co. v. Paterson Paper Co., 282 U.S. 555, 563, 51 S.Ct. 248, 75 L.Ed. 544 (1931); *Mason-Rust, supra,* 435 F.2d at 946.

The trial court in its opinion states that plaintiff through testimony of its accountant witnesses offered proof of damages aggregating $174,489. Defendant through its witnesses offered testimony to the effect that the damages were only nominal. Defendant also contended that many items of expense claimed were not properly allocable to overhead expense. We have carefully examined the record and are satisfied that neither the defendant-appellant nor the plaintiff-cross appellant has established that the court's determination of damages is clearly erroneous.

Three-fourths of the costs shall be taxed to the defendant-appellant and one-fourth of the costs shall be taxed to the plaintiff-cross appellant.

The judgment appealed from is affirmed both on defendant's appeal and on plaintiff's cross appeal.