The RUST ENGINEERING
COMPANY, Plaintiff,

v.

LOCAL UNION 361, INTERNATIONAL BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA; Ray McMillen, Business Agent of Local 361; and all Members of Local 361 or those acting in concert with them, Defendants.

No. Civ. 3–87–266.

United States District Court,
D. Minnesota,
Third Division.

May 12, 1987.

---

Thomas L. Kimer, Faegre & Benson, Minneapolis, Minn. and Michael C. Tower, Fisher and Phillips, Atlanta, Ga., for plaintiff.

Don Bye, Halverson, Watters, Bye, Downs & Maki, Duluth, Minn., for defendants.

## ORDER

DEVITT, District Judge.

Plaintiff is a general contractor for a $400,000,000 construction project in Duluth, Minnesota. Defendant is a labor organization representing millwrights and carpenters. Of the approximately 1500 workers on the construction project, defendant represents about 280. In connection with the project, the parties entered a collective bargaining agreement containing provisions making work assignment disputes arbitrable and prohibiting strikes and similar disruptions over such "jurisdictional disputes."

Just such a jurisdictional dispute arose on Friday, April 24, 1987, and on the following Monday defendant's members struck the job site. Plaintiff sought a temporary restraining order from this court under the *Boys Markets* doctrine on April 28. A temporary restraining order was issued on April 29 based on an application of the facts then before the court to the four factors outlined in *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir.1981).

Plaintiff now seeks a preliminary injunction. Since it is undisputed that the strike has ended and that work has proceeded as usual since April 28, the issue before the court is whether prospective injunctive relief may be granted pursuant to the *Boys Markets* doctrine. In *Boys Markets, Inc. v. Retail Clerk's Union*, 398 U.S. 235, 253–54, 90 S.Ct. 1583, 1593–94, 26 L.Ed.2d 199 (1970), the Supreme Court made a fairly narrow exception to the anti-injunction provisions of the Norris-Laguardia Act and required district courts to consider ordinary equitable principles justifying injunctive relief including "whether breaches are occurring and will continue." Section 9 of the Norris-LaGuardia Act (codified at 29 U.S.C. § 109), requires the court to base injunctive relief on factual findings of record and to limit the scope of the injunction to specific acts expressly complained of in the complaint. A prospective injunction against merely potential violations runs counter to § 9 and is arguably not within the *Boys Markets* exception to the Norris-LaGuardia Act. Because the eighth circuit has not yet had the opportunity to address this issue, the court looks for guidance to the other appellate courts.

The seventh circuit has taken the most liberal view of the *Boys Markets* exception. In *Old Ben Coal Corp. v. Local Union No. 1487 UMWA*, 500 F.2d 950 (7th Cir.1974), the seventh circuit upheld a broad prospective injunction forbidding all future strikes in violation of the collective bargaining agreement. This reading of the *Boys Markets* exception seems to totally ignore the requirement in § 9 of Norris-LaGuardia that the court limit the injunction to specific acts expressly complained of in the complaint.

On the other end of the scale, the fifth circuit held in *United States Steel Corp. v. UMWA*, 519 F.2d 1236 (5th Cir.1975), *cert. denied*, 428 U.S. 910, 96 S.Ct. 3221, 49 L.Ed.2d 1217 (1976) that the *Boys Markets* exception was so narrowly drawn that no prospective relief could be granted. Although the union had allegedly violated the collective bargaining agreement seven times, the court held prospective relief based upon a history of violations was prohibited by § 9.

A compromise position has been adopted by several circuits permitting prospective injunctive relief where there has been a pattern of violations and a likelihood of repeat violations in the future. *E.g. United States Steel Corp. v. UMWA*, 534 F.2d 1063 (3rd Cir.1976); *United Parcel Service, Inc. v. Local 804*, 698 F.2d 100

(2nd Cir.1983); *Southern Ohio Coal Co. v. UMWA*, 551 F.2d 695 (6th Cir.1977). The court finds this approach best effectuates the compromise which the *Boys Markets* exception was intended to strike with the Norris-LaGuardia Act.

Applying the latter analysis to this case, the court finds that prospective injunctive relief would be inappropriate. First, there is very little pattern of violations. Second, plaintiff's showing that violations are likely to recur is inadequate.

■ Plaintiff points to two prior unauthorized strikes as evidence of a pattern of violations sufficient to support prospective relief under the *Boys Markets* exception. In January, the majority of defendant's members struck in opposition to alleged unfair disciplinary and termination procedures used by plaintiff against two of defendant's members as well as against two members of another union. In February, less than half of defendant's members struck in sympathy with a union aggrieved by similar practices. This second wildcat strike is not, however, attributable to the union under the "mass action" theory of union liability adopted by this circuit in *Wagner Electric Corp v. Local 1104, Int'l Union of Electricians*, 496 F.2d 954, 956 (8th Cir.1974); because a substantial number of defendant's members did not participate, that strike was not "the mass action of its members." *Vulcan Materials Co. v. United Steelworkers*, 430 F.2d 446, 455 (5th Cir.1970). The combination of the strike for which the temporary restraining order was issued with one isolated, unrelated strike three months earlier does not establish a pattern of violations sufficient for issuing prospective injunctive relief under the *Boys Markets* exception.

■ Nor has plaintiff made an adequate showing that violations are likely to recur. The jurisdictional dispute has been submitted to arbitration as required by the collective bargaining agreement. It is undisputed that the last strike dissipated by the end of the first day and that work has proceeded as usual since the morning of April 18, in part because of defendant's efforts to limit strike activity. Moreover, despite further alleged unfair disciplinary and termination activities of plaintiff at the end of April, no further strikes have occurred. While the absence of strike activity may be partly due to the temporary restraining order presently in effect, it also appears that perhaps the union has "learned their lesson with the aid of counsel," making it "unlikely that any other strike will occur during the effective period of the collective bargaining agreement." *Wagner Elec. Co. v. Local 1104*, 361 F.Supp. 647 (E.D.Mo.1973). In any case, plaintiff has not made a sufficient showing that violations will recur so as to justify issuance of a prospective injunction pursuant to the *Boys Markets* exception.

Based upon the foregoing, oral argument, submitted memoranda, and all files, records and proceedings herein,

IT IS ORDERED that:

1. Plaintiff's petition for a preliminary injunction is denied.

2. The temporary restraining order issued by the court on April 29, 1987, is dissolved.