## W. W. THOMPSON v. PHILA. ETC. COAL & I. CO.

### APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 20, 1890—Decided March 3, 1890.

There being submissible evidence, in an action of ejectment, that the plaintiff, and those under whom he claimed, had exercised continuous, visible and notorious acts of ownership over the lands in dispute, under color of title and with well marked and known lines, for twenty-one years before suit brought, it was not error to refuse to direct a verdict for the defendant, though the paper title of the latter was the better of the two.

. Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 217 January Term 1890, Sup. Ct.; court below, No. 308 September Term 1885, C. P.

On August 20, 1885, William W. Thompson brought ejectment against the Philadelphia & Reading Coal & Iron Company, to recover 39 acres and 100 perches of land in Porter township. Issue.

At the trial on November 5, 1889, the case presented was substantially as follows: The plaintiff showed a warrant and survey of 1829 in the name of John Miller, and a patent from the commonwealth to himself, dated March 8, 1870, reciting the warrant and survey to Miller. This was followed by testimony tending to show, inter alia, that Miller was in possession of the land in 1830, the lines being well located and known; that Miller had about an acre and a half cleared and fenced, a house erected within the clearing, with a dozen or so of fine apple trees growing in 1835, and that he grew corn and buckwheat on the land; that in 1841, Miller traded farms with John Hand, Sr., who went into possession; that John Hand, Sr., died about 1846, and about 1847 or 1848 the fence around the clearing was burned; that John Hand, Jr., purchased the land at the partition sale of John Hand, Sr.'s estate, went into possession, repaired the fences, took timber from the land, harvested apples and cultivated buckwheat thereon; that in 1854,

Charge of Court below.

John Dietrich bought the land of John Hand, Jr., again re-paired the fences, harvested apples, cultivated buckwheat, and cut and hauled timber from the tract; that in 1864, Thompson, the plaintiff, bought the land from Dietrich, at which time the clearing was still fenced, used timber for his fences, and at times sold timber to the defendant company; that sometime between 1864 and 1872, the fences, being neglected by Thompson, who was a miner, were again burned away; that in August, 1885, the employees of the defendant company took possession of the tract and began cutting timber, when the writ in this case issued, followed by a writ of estrepement.

The defendant company showed title by patents to two tracts of land surveyed to James Wilson in 1794, with which the survey to John Miller was alleged to be an interference, and which by sundry proceedings and conveyances became vested in the defendant company. It seemed to be conceded that, as to the paper title to the land in dispute, that of the defendant company was the better; and testimony was introduced by the defendant to meet that offered by the plaintiff as to possession and acts of ownership upon the land from 1829 to the issuing of the writ in the case.

At the close of the testimony, the court, GREEN, J., submitted the questions of fact to the jury in a full review of the testimony, and charged, as to the questions of law, in accordance with the answers to points presented for instruction as follows:

The court is requested by the plaintiff to charge:

1. That twenty-one years open, notorious, visible, adverse, and continuous possession will make good title; that the farming or cultivating of a portion or a part of a marked and located tract, by plowing and raising crops, planting an orchard, gathering the fruit from the same, for a period of twenty-one years, is the exercise of such acts of ownership as will make good title.

Answer: This point we affirm.

2. That twenty-one years open, notorious, visible, adverse, and continuous possession will make good title, and that the fencing and keeping in repair fences, for twenty-one years, of a part of a marked and located tract, are the exercise of such acts of ownership as will make good title.

Charge of Court below.

Answer: This point we affirm. If the jury find that the fences were kept up and not allowed to fall down, it is evidence of continuity of possession.

3. If the jury believe that after the survey and location of 1829, of the land in controversy, John Miller went into possession, built a house thereon, or that a house was built thereon prior to 1829, cleared and fenced a part of the tract, farmed and cleared part, and planted an orchard in part of the cleared part, and that Miller, John Hand, Sr., John Hand, Jr., and Dietrich, from the time of the survey exercised continuous, visible and notorious acts of possession, such as is testified to, to wit: built and rebuilt the fences, gathered the apples from the orchard, plowed and raised crops at different times, used the timber land as farmers usually use their timber land, up to 1860, or till Dietrich sold to Thompson, then the verdict should be for the plaintiff.

Answer: This point we affirm, if the jury find as a fact that there were continuous, visible and notorious acts of possession, for a period of twenty-one years. There must be no breaks in that possession.

4. If the jury believe that after the survey and location of 1829, of the land in controversy, John Miller went into possession, built a house thereon, or that a house was built thereon prior to 1829, cleared and fenced a part of the marked and located tract, and farmed the cleared part, and planted an orchard in part of the cleared part, and that Miller, John Hand, Sr., John Hand, Jr., and Dietrich, exercised for a continuous period of twenty-one years, open, notorious and visible acts of possession, and adverse to any other claimant or claimants for such land, such as is testified to, to wit: built and rebuilt the fence, gathered the apples from the orchard, plowed and raised crops at different times, used the timber land as farmers usually use their timber land, and in addition, the land was duly assessed in 1830 to the present time, and that the taxes were paid by Miller and all the subsequent owners under Miller, to and including Thompson, to 1885, then the verdict should be for the plaintiff.

Answer: This point is answered by our answer to the last point, and to that we refer you.

5. That keeping the clearing on the land fenced, and main-

Charge of Court below.

taining the apple trees growing therein and harvesting the apples, paying taxes on the above tract, and farming said cleared land from time to time, for a period of twenty-one years, is such adverse possession of land as gives title, not only to that part of it which was cleared, fenced and cultivated, but to all that was included within marked lines during that period; and if the jury believe that such possession was kept up by John Miller, John Hand, Sr., John Hand, Jr., and Dietrich, under whom the plaintiff claims, for twenty-one years, then the verdict should be for the plaintiff.

Answer: This point we affirm.

The following are the points submitted by the defendant:

1. The defendant has proved a complete legal title to the land in dispute in this case, dating back to 1794, and being some thirty-five years older than that proved by the plaintiff, the defendant's paper title is the better one.

Answer: This point we affirm.

2. When a party claims title to land by virtue of the statute of limitations, it is necessary for him to prove a possession actual, continued, visible, notorious, distinct and hostile for twenty-one years, to entitle him to recover the land in an ejectment against one having the legal title. Although the plaintiff in this case has proved that for one or two years at a time, at distant and unconnected periods, he, or those under whom he claims, had such adverse and notorious possession of the land in dispute in this case, yet he has failed to prove such possession as the law requires to enable him to recover, during a continued, consecutive and connected period of twenty-one years.

Answer: The law as stated in this point we affirm. We refer to the jury to decide as a question of fact whether the possession has been continued, consecutive and connected for a period of twenty-one years.

3. Under all the evidence in this case, the verdict of the jury must be in favor of the defendant.

Answer: We decline to affirm this. We refer the matter to the jury, under the law as we have stated it.[1]

The jury returned a verdict in favor of the plaintiff for the

land in dispute, with costs, etc. Judgment having been entered, the defendant took this appeal, assigning for error:

1. The answer to the defendant's third point.[1]

*Mr. John F. Whalen* and *Mr. James Ellis*, for the appellant.

Counsel cited: Mercer v. Watson, 1 W. 330; Hood v. Hood, 2 Gr. 229; McArthur v. Kitchen, 77 Pa. 62; Sorber v. Willing, 10 W. 141; Boyer v. Benlow, 10 S. & R. 303; Hole v. Rittenhouse, 25 Pa. 492; s. c. 37 Pa. 118; Goodman v. Sanger, 85 Pa. 37; O'Hara v. Richardson, 46 Pa. 385; Beaupland v. McKeen, 28 Pa. 124; Murphy v. Springer, 1 Gr. 73; Stephens v. Leach, 19 Pa. 262.

*Mr. Wm. Wilhelm* (with him *Mr. James Ryon*), for the appellee.

Counsel cited: Ament v. Wolf, 33 Pa. 331; Bell v. Hartley, 4 W. & S. 32; O'Hara v. Richardson, 46 Pa. 385; Thompson v. Milford, 7 W. 442.

PER CURIAM:

The single assignment of error is, that the learned court below erred in not affirming the defendant's third point. Said point is as follows: "That under all the evidence, the verdict of the jury must be in favor of the defendant." This assumes that there was not sufficient evidence to submit to the jury of the plaintiff's adverse possession of the premises in controversy for twenty-one years. Without discussing the voluminous testimony upon this question, it is enough to say that in our opinion there was sufficient evidence to carry the case to the jury. It was not error, therefore, to decline the point.

Judgment affirmed.