Romesberg *v.* Caplan Iron and Steel Company, Appellant.

Argued March 15, 1956. Before STERN, C. J., JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Nathaniel A. Barbera*, with him *Paul J. Abraham* and *Shaver, Heckman & Barbera*, for appellant.

*Leland W. Walker*, with him *Walker & Kimmel*, for appellees.

OPINION BY MR. JUSTICE ARNOLD, April 16, 1956:

In this case the plaintiffs owned a sand crusher which defendant practically destroyed under the mistaken belief that it owned the crusher.

The case was tried without a jury, under the Act of 1874, P. L. 109, as amended, 12 PS §688, and the court awarded the plaintiffs $15,850.00 in damages. This appeal by defendant raises only the question of the amount of damages awarded.

Plaintiffs' testimony as to damages consisted of the opinion of one expert that its market value before dismantling was $50,000; that of another to the effect that repair costs would amount to some $35,000.00; and the opinion of another that its fair market value prior to demolition was $60,000.00. The defendant's motion for nonsuit having been overruled, it proceeded to prove, inter alia, value of the structure after demolition.

The measure of damages in a case such as this is set forth in *Jones v. Monroe Electric Company*, 350 Pa. 539, 544, 39 A. 2d 569, where we held: " 'Other injuries, such as the sinking of the dwelling house . . . were remediable. For the latter, the cost of repair or restoration is obviously the measure of the damage.' In the present instance the only claim made is for 'totally wrecking and destroying the building.' Hence if enough thereof was left to justify its repair, at a cost not exceeding its value immediately prior to the injury, this would be the measure of plaintiffs' damage. Otherwise it would be the actual value of the building itself, taking into consideration its age, condition and any other circumstances affecting it, and less anything salvaged from it. Of course, in either case, damages for detention should be allowed if the facts justify them."

The court below declared that "although the court cannot find as a fact that the premises were abandoned by the plaintiffs, it is obvious that the structure was allowed by them to become a dilapidated and dangerous structure and its value depreciated by nonuse and nat-

ural elements." It also characterized both the plaintiffs' and the defendant's testimony on value as "unsatisfactory." Thereupon it awarded damages in the amount stated.

We agree with the court below that the testimony is "unsatisfactory" on both sides, and thus the award is purely a guess. Where two sets of testimony on the measure of damages were described by the court as unsatisfactory, we hesitate to fix the damages, although the plaintiffs claimed substantial damages and we cannot say that the award of $15,850.00 by the court below is excessive. We think, however, that justice requires a new trial, which shall be confined to the damages due to the demolition of the structure, i.e. the cost of restoration of the structure to its condition immediately before the demolition began. In the taking of such testimony the court will eliminate any testimony relating to the B. & O. Railroad Company occupying part of the tract in question.

We therefore reverse the judgment with a procedendo, confined to the question of damages.