## Schoen v. VanHart

*Louis F. Floge, Jr.*, for plaintiff.
*E. Dillwyn Darlington*, for defendant Van Hart.
*Harold S. Patton*, for additional defendant Knott.
*Samuel G. Moyer, William B., Moyer*, for additional defendant Lower Southampton Township

SOKOLOVE, *J.*, March 24, 1983—
INTRODUCTION

This action in ejectment was tried before the undersigned. The action arises over the "opening" of a portion of a "paper street." Plaintiff claims that the occupancy of the street by an adjacent property owner, with the aid and assistance of representatives of Lower Southampton Township, violated his title thereto acquired by adverse possession. It is averred by plaintiff that the township acquired no interest in the street, having failed to accept the offer of dedication (implicit in the recording of a subdivision plat dated October 11, 1922) within the 21 year period of limitation provided in the Act of May 9, 1889, P.L. 173, 36 P.S. 1961.

A portion of plaintiff's land is within the recorded plan, designated as Lot No. 1 of Block E of the Plan of Neshaminy Highlands, recorded in Plan Book 1, p. 169.

Defendant Van Hart's land is a portion of property which appears on the plan as an adjacent parcel to that which was intended to be subdivided. It is not a portion of the land of Elizabeth Stradling, the subdivider.

An unrecorded revision of the plan, as "revised on March 23, 1942", was received into evidence as Exhibit D-2. The relevant portion of the plan appears as Figure 1, below. Lot 1 of Block E, including the area within the bed of Clearview Avenue (later named Valley Road), indicates the portion of plaintiff's land within the subdivision and disputed area within the lines of the street.

Figure 1.

618

Figure 2, below (received as Exhibit D-10) shows the relative position of the lands of plaintiff, defendant Van Hart and the disputed area in Clearview Avenue (Valley Road).

Figure 2—

(from Exhibit D-2):

Plaintiff took title and possession of his land on September 23, 1955.

Defendants Van Hart purchased their property July 12, 1979, and took possession in late July, 1979.

Some time in 1955, plaintiff planted trees and otherwise cleaned up the grounds in the disputed area. This activity was done in conjunction with similar planting by Nicholas Leone, plaintiff's immediate neighbor to the north. (See Figure 2). Leone planted trees in the bed of the street directly to the rear of his property.

From the time he took possession in 1955, plaintiff initially tended a vegetable garden which had been planted by the previous owner of plaintiff's property. He cautioned children in the area not to walk through his garden. In 1964 or 1965, he installed a wire fence around all four sides of the area to protect it. At about the same time, plaintiff installed a stone wall along the southerly border of the area in question. Some time between 1955 and 1965, plaintiff planted seedlings of various evergreens, hoping to be more successful in cultivation of the trees than he had been with the vegetables.

For some years prior to purchase by Van Harts, an abandoned house and garage were on that adjacent parcel. These structures were torn down by the builder of what was to become the Van Hart residence. In the course of demolition of the old building and grading of the Van Hart land, debris, rocks and subsoil were pushed into the disputed area at the end of the street. This resulted in it becoming unsightly and led plaintiff to lessen his interest and reduce his efforts in maintaining the area. It also resulted in the burying of the wire fence and stone wall which he had earlier placed at the edge of the area.

When Van Harts took possession of their house, this was the condition as they saw it. With no knowledge of the prior history of the area, Van Harts sought the assistance of Lower Southampton officials to "clean up" the area, and ultimately to "open" the end of the street as an access for motor vehicles from the rear of their property.

With the encouragement of certain township officials, specifically two township supervisors and the zoning officer, the Van Harts on April 11, 1980, with a party of 10-12 persons, proceeded to cut down plaintiff's trees. This party was led by a town-

ship auditor!, who insisted that this was legal and proper, etc. Plaintiff then took pictures and sought legal counsel. Plaintiff testified that he protested repeatedly at the scene that his trees should not be cut.

Van Harts in Spring, 1980, with permission of township officials, graded a portion of the disputed area, and used it as an access to a driveway-garage area at the rear of their property.

The township had not physically opened or formally accepted the subject street for more than 31 years from the laying out of the streets. In 1952, the township enacted a resolution "accepting" a number of such "streets", followed by petition and court order confirming the action. Thereafter, until the actions in 1980, no physical opening of the portion of Clearview Street in question was undertaken.*

## ISSUES

Has plaintiff acquired such interest in the disputed land as to entitle him to bring this action in ejectment?

We find that he has; that he established adverse possession of the unseated parcel by the cultivation and planting of trees thereon; that such interest extended more than 21 years, and this interest was not abandoned.

Had the township effectively accepted the disputed area as a public street?

We find that it had not. The Act of May 9, 1889, P.L. 173, 36 P.S. §1961 provides that if the offer of dedication (implicit in the recording of a plat) is not accepted by the public, or by the municipality with-

---

*Portion of Clearview (Valley) Street were paved, used for sewer lines and collection of trash up to but not including the Leone property.

in 21 years, it may not do so thereafter. The resolution of 1952 was not effective as to the area in question.

As owners of an adjacent parcel, did Van Harts acquire a private easement or right of way?

No. Their parcel was not part of the subdivision. It was not land of the common grantor, Elizabeth Stradling, whose offer of dedication might be construed to create easement rights applicable to other grantees within the subdivision. (See, Mannerz v. Edgley Developers, Inc., 21 Bucks L. Rep. 55 (1971); Bieber v. Zellner, 421 Pa. 444, 220 A.2d 17 (1966)). In any event, the easements of those within the subdivision were extinguished by plaintiff's adverse possession.

## DISCUSSION

In the first instances, the plaintiff in ejectment must establish standing as the party who is the legal owner or at least has prior right to possession vis-a-vis the defendant Van Harts and the township. Soffer v. Buck, 487 Pa. 255, 409 A.2d 337 (1979); Mazur v. Damilowicz, 24 Northumb. 145 (1952).

An action of ejectment is founded upon a trespass, actual or supposed, committed by a defendant in wrongfully obtaining possession of plaintiff's land. Soffer, supra; Mazur, supra.

Plaintiff to succeed in his claim must be out of possession and establish a present right of possession and entry. Grossman v. Hill, 384 Pa. 590, 122 A.2d 69 (1956); Brennan v. Shore Brothers, Inc., 380 Pa. 283, 110 A.2d 401 (1955).

An ejectment action may be maintained on a title acquired by adverse possession. Gibson v. Hoffman, 310 Pa. 51, 64 Afl. 783 (1933); Thompson v. Coal & Iron Co., 133 Pa. 46, 19 A. 346 (1890). That is the

basis of plaintiff's claim in this case. It is, therefore, the next issue to be addressed.

## ADVERSE POSSESSION

As to the Van Harts, and public generally, plaintiff has established adverse possession. As to the township, we likewise find in favor of plaintiff, but on special circumstances addressed below.

Possession to be adverse must be actual, visible, notorious, distinct and hostile for the prescriptive period of 21 years. Every element in the definition must exist. Moser v. Granquist, 362 Pa. 302, 66 A.2d 267 (1949); Parks v. Pennsylvania R. R. Co., 301 Pa. 475, 152 A. 682 (1931). Actual possession may be either by residence or cultivation. It need not be by both. Philadelphia Electric Co. v. Philadelphia, 303 Pa. 422, 154 A. 492 (1931); Susquehanna & W. V. Railroad & Coal Co. v. Quick, 68 Pa. 189 (1871). In the instant case, plaintiff did cultivate the planting of specific varieties of trees, and did enclose the subject parcel. Generally, enclosure must be continuous (Boderocco v. Erie Cemetery, 22 Erie 265 (1941)); however, it is apparent that plaintiff's wire fence and stone wall were knocked down and moved by defendant's builder.

Of particular note is that plaintiff's sole and exclusive use of the parcel for the requisite time was prior to any intrusion by the defendant Van Hart or his predecessor.

Once the occupant's title has matured, it is an absolute one. It is not thereafter affected by subsequent neglect. Schall v. Williams V. R. Co., 35 Pa. 191 (1860). A break in possession after title is acquired by adverse possession will not have an effect on the rights acquired. Skiro v. Karwiskabage, 42

Luz. L. Reg. 183 (1952). Defendant testified that the parcel was in an unsightly condition and that there was no evidence of any fencing. As we noted above, however, the condition of the parcel was the result of the demolition of a previously existing structure on defendant's land, and the subsequent removal of that debris onto the subject parcel by defendant's builder during the construction of defendant's residence. We, therefore, find that plaintiff's title to the land accrued in September of 1976.

## TOWNSHIP'S INTEREST IN "PAPER STREET"

As to the township, the issue arises in more complex fashion. At the outset, is the question of whether the municipality (like the Commonwealth) is immune from claims of adverse possession. It is not. The complete immunity from loss of title by adverse possession belongs to the Commonwealth alone, and the prescriptive period may run against a county or other municipal subdivision. Evans v. Erie County, 66 Pa. 222, 18 P.L.J. 209, 3 Leg. Gaz. 368 (1870); Torch v. Constantino, 227 Pa. Super. 427, 323 A.2d 278 (1974).

Beyond that, we find that the township had acquired no title in the subject parcel in the first instance. This conclusion is based on the following history of the subject subdivision.

Factually, the plan "plan of Neshaminy Highlands" was recorded on May 25, 1923. The subject portion of the "street" was not opened by the township, nor was any action taken with respect to that portion of the street until the incidents involved herein, in 1980.

We need not face the issue of whether the validity of the "acceptance" of dedication confirmed by the

court order of July 22, 1952, is subject of collateral attack. The mere formalities of acceptance, unaccompanied by actual opening or use of the street, are not sufficient. Elliott v. H. B. Alexander & Son, Inc., 41 Pa. Commw. 184, 399 A.2d 1130 (1970). This principle appears to have been codified by the Act of May 12, 1925, P.L. 586 §1, 36 P.S. 2738, which provides:

"Whenever proceedings have been heretofore or may hereafter be begun in any court of quarter sessions of this Commonwealth for the opening and laying out of any private road in any township in this Commonwealth, such private road shall be physically opened upon the ground for use by the parties petitioning for the laying out of such road within the period of five years next after the entry of the final decree confirming said road and not thereafter."

Further, the physical opening of a portion of the street does not constitute an acceptance of the entire street. In Elliott, supra, at 191, the court said:

"It is true that some courts in other jurisdictions have held that acceptance of some of the streets in a plat or map is an acceptance of all such streets and that the acceptance of part of the length of a street is an acceptance of the entire street. See generally, Annot., 32 A.L.R.2d 953 (1953). The rule in Pennsylvania is to the contrary, however, and acceptance of a part of property dedicated to the public will not constitute an acceptance of the entire dedication. Milford Borough v. Burnett, supra, 288 Pa. at 441, 136 A. at 672; Commonwealth v. Royce, 152 Pa. 88, 25 A. 162 (1892); Vendetti Appeal, 181 Pa. Superior Ct. 214, 124 A.2d 448 (1956) (allocatur denied); Mynyk's Appeal, 175 Pa. Super. 339, 104 A.2d 173

(1954); Oakley v. Luzerne Borough, 25 Pa. Superior Ct. 425 (1904).

In the case before us, no act of opening occurred until 1980, well after plaintiff's title has been acquired by adverse possession.

On the issue of legal title we find in favor of plaintiff, John R. Schoen, Sr. and against defendants Alfred Van Hart and Nancy Van Hart and the Township of Lower Southampton as it relates to legal title to the subject land.

Although in this action in ejectment we could award damages in favor of plaintiff consequential to defendants' intrusion on his property, we are unable to do so.

The evidence of the amount of damages was inadequate. Notwithstanding clear evidence of the removal of trees, there was also evidence as to the earlier deterioration of the area occasioned by the demolition and construction ongoing at the Van Hart property, prior to the action on April 11, 1980. In addition, plaintiff's evidence of value of the damage to his property was inadequate to the degree that we could but speculate in the amount of his losses. This we cannot do. Romesberg v. Caplan Iron and Steel Co., 385 Pa. 36, 122 A.2d 53 (1956).

For reasons not clear on the record, an Edith Knott, an adjacent property owner, was by court order joined as an additional defendant. Mrs. Knott did not appear as a witness, but participated through counsel in support of the position of the plaintiff. However, because of her status as a defendant, we feel constrained to find against her on the issue of title to the land in question.

By reason of the foregoing, we enter the following

## ORDER

And now, this March 24, 1983, we enter a verdict for exclusive possession of the subject parcel, in the Township of Lower Southampton, Bucks County, described as follows:

"BEGINNING at a point, a corner of lands of John R. Schoen (to which this is about to be conveyed), also the Southeast corner of a 40' wide Right of Way, known as Valley Road (formerly Clearview Avenue), Thence along same N 73°-37'-30" W, 40.62', passing over a concrete monument found directly in the middle of this line, to an iron pin, being the Southwest corner of said Right of Way, Thence along the west side of said Road N 06°-19'-30" E, 10.61' to an iron pin set for a corner on the west side of said Road, Thence extending through said Road S. 83°-40'-30" E, 40.00 to an iron pin set for a corner on the east side of said Road, said point also being a corner of lands John R. Schoen, Thence along the east side of said road and along said lands S 06°-19'-30" W, 17.70' to the first mentioned point and place of BEGINNING.

CONTAINING: 566 Sq. ft. of land more or less. in favor of plaintiff John R. Schoen, Sr. and against defendants Alfred Van Hart and Nancy Van Hart, Township of Lower Southampton, and Edith Knott;

that plaintiff is entitled to no money damages against the defendants;

further, we find in favor of plaintiff and against defendants Alfred Van Hart and Nancy Van Hart on defendant's counterclaim against plaintiff and in favor of additional defendant Township of Southampton against defendants Van Hart, on defendants' complaint against additional defendant.