518 A.2d 273

**SPANG & COMPANY**

v.

**UNITED STATES STEEL CORPORATION, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 18, 1986.

Filed Oct. 7, 1986.

Reargument Denied Dec. 9, 1986.

Debra McCloskey Barnhart, Pittsburgh, for appellant.
Kevin P. Lucas, Pittsburgh, for appellee.

Before BROSKY, OLSZEWSKI and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the April 16, 1985, order of the Court of Common Pleas of Butler County granting a new trial. We reverse.

Appellee, Spang & Company, brought suit against appellant, United States Steel Corporation, to recover an amount owed under contract for the processing of slag. After a non-jury trial, a verdict was entered in favor of appellant. Post-trial motions were filed, resulting in the April 16, 1985, order which stated, *inter alia*, "[t]he motion of Spang and Company is granted limited to a re-trial on the issue of damages as explained in the accompanying opinion." Although appellant filed an appeal in this court, the trial court later entered an order stating the April 16, 1985, order was

not a final, appealable order. Pursuant to a motion to quash, this Court requested a clarification and later held the April 16, 1985, order granted a new trial and was, therefore, appealable. Pa.R.A.P. 311(a)(5).

Appellant contends the trial judge abused his discretion and committed an error of law in granting a new trial. In reaching our decision, it is critical to our determination to note that an eight day non-jury trial was held, and, after its conclusion, the trial judge filed 14 pages of findings of fact and conclusions of law before entering a verdict in favor of appellant. Among the findings of fact were the following:

50. Spang provided USS exclusive, continuous and uninterrupted slag processing service from September 1, 1961 through February 28, 1982.

51. During the entire period of service USS was only obligated to pay Spang for the specification and non-specification slag sold by USS.

52. Upon termination of the slag processing service provide [sic] Spang, the parties had agreed that Spang would be entitled to payment for all processed slag products and reclaimed scrap prepared and ready for delivery to USS.

53. USS owes Spang $2.219 per ton less the cost of loading and weighing for all processed slag in the stockpile at the Lorain Works upon the termination of Spang services on February 28, 1982.

The conclusions of law included:

12. As USS sold slag, Spang was obligated to load and weigh the slag. The cost of this service is deductible from the $2.219 per ton that USS agreed to pay Spang. The burden of proving this item of expense in computing damages rested on Spang. There is lacking, evidence upon which the Court can make this determination.

13. Evidence as to the quantity of slag available for delivery to customers of USS is not reliable due to the fact that the records offered and received counted unestimated tons of slag processed and reprocessed rather than the tonnage actually stored in the stockpile.

14. Spang has proven its cause of action but has failed to prove damages by competent evidence.

15. Proof of damages by Spang is so vague and indefinite that a verdict based thereon would be a mere guess.

16. Although the damages to which Spang is entitled may be substantial the Court cannot base its verdict on a guess.

17. The amount of profit generated for the benefit of the parties by their association at the Lorain Plant of USS is immaterial and irrelevant. The evidence of said profits has been disregarded by the Court.

The trial judge correctly stated the burden of proof as to damages rested with appellee. We have said, the "burden of proof in a contract action is upon the party alleging breach or default." *East Texas Motor Freight Diamond Division v. Lloyd,* 335 Pa.Super. 464, 473, 484 A.2d 797, 801 (1984). The trial judge concluded appellee had not sustained its burden.

However, after post-trial motions were filed, the trial judge decided "justice can best be served if the trial continues on the sole issue of damages." The trial judge specifically found appellee had no after-discovered evidence or new evidence to support the granting of another trial.

Appellee argues a trial judge has the authority to reopen the record or order additional hearings. We do not dispute this, but find such authority to be inapposite to what transpired in this case. Although appellee would have us typify this as merely a reopening of the record, this is, in reality, the granting of a new trial on the issue of damages for the sole purpose of permitting appellee to prove what it failed to prove initially. In short, we find the trial court to have erred in this matter. A retrial solely for this purpose is contrary to the basic premises of our adversarial system. The interests of justice are not served by permitting one party to have a second bite at the apple merely because the party failed to devour the apple at the first attempt.

Appellee specifically does not raise for our consideration whether it sufficiently proved its damages with the required

degree of reasonable certainty. (*See,* Brief for Appellee, p. 26, n. 11). Rather, appellee bases its argument on the fact that since the factfinder found liability, uncertainty as to damages cannot prevent recovery. *Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544 (1931). However, the situation before us is not a case where recovery has been precluded simply because there was *some* uncertainty as to the precise amount of damages or where the breaching party shifted the loss to the injured party. *Pugh v. Holmes,* 486 Pa. 272, 405 A.2d 897 (1979). Sufficient facts must be established at trial so that the fact-finder can assess the damages. The fact-finder in this case found the facts presented to be insufficient. We note the trial court never intimated appellant was responsible for appellee's failure to prove damages.

This Court recently addressed the manner in which damages must be proven when it reviewed an award of compensatory and punitive damages:

Generally, under Pennsylvania law, damages need not be proved with mathematical certainty, but only with reasonable certainty, and evidence of damages may consist of probabilities and inferences. *E.C. Ernst, Inc. v. Koppers Co., Inc.,* 626 F.2d 324 (3rd Cir.1980) on remand 520 F.Supp. 830 (W.D.Pa.1981). Although the law does not command mathematical precision from evidence in finding damages, sufficient facts must be introduced so that the court can arrive at an intelligent estimate without conjecture. *Rochez Bros., Inc. v. Rhoades,* 527 F.2d 891 (3rd Cir.), *cert. den.* 425 U.S. 993, 96 S.Ct. 2205, 48 L.Ed.2d 817 (1976). Where the amount of damage can be fairly estimated from the evidence, the recovery will be sustained even though such amount cannot be determined with entire accuracy. *Massachusetts Bonding & Insurance Co. v. Johnston & Harder,* 343 Pa. 270, 22 A.2d 709 (1941). It is only required that the proof afford a reasonable basis from which the fact-finder can calculate the plaintiff's loss. *Myer Feinstein Co. v. DeVincent,* 151

Pa.Super. 254, 30 A.2d 221 (1943); *American Air Filter Co., Inc. v. McNichol*, 527 F.2d 1297 (3rd Cir.1975); *G.C.S., Inc. v. Foster Wheeler Corp.*, 437 F.Supp. 757 (W.D.Pa.1975).

*Delahanty v. First Pa. Bank, N.A.*, 318 Pa.Super. 90, 119, 464 A.2d 1243, 1257–58 (1983). Appellee had a duty to establish by evidence such facts as would furnish a basis for the legal assessment of damages according to some definite and legal rule and damages that are not proved are not recoverable. *Cronan v. Castle Gas Co., Inc.*, 354 Pa.Super. 381, 512 A.2d 1 (1986).

The trial judge relied on the case of *Romesberg v. Caplan Iron and Steel Co.*, 385 Pa. 36, 122 A.2d 53 (1956) in his decision to grant a new trial. We find this reliance to be misplaced. *Romesberg, supra,* involved a trespass action for the recovery of damages when a piece of equipment was partially destroyed. The trial court, as the factfinder, awarded damages which were purely a guess. The Supreme Court, after establishing the proper measure of damages, stated that where both sets of testimony on the measure of damages was "unsatisfactory," the Supreme Court would not set the damages but would remand for a new trial on this issue. There was no contention that the injured party had failed to sustain its burden; the trial court had awarded a sum of $15,850 and the Supreme Court specified it could not say the award was excessive. 385 Pa. at 39, 122 A.2d at 54.

In the case before us, the underlying issue is payment for the processing of slag. The parties had a contractual basis relating back to 1960 which required appellant to pay appellee for the processed slag, not as it was processed, but, rather, when it was sold or reused. When the parties terminated their relationship in 1981, an inventory of processed slag remained. Appellee based its claim for payment upon its operating summaries from 1961 through 1981 which listed the difference between the amount of slag processed and the amount sold.

The trial court, however, found as a fact that these records were inaccurate for the purposes of determining the inventory slag because the figure included slag which was reprocessed and would not increase inventory. There was no evidence as to the amount of slag reprocessed over the years.

In its opinion supporting the granting of a new trial, the trial court found appellee had waived the argument that the trial court could calculate the amount of slag inventory by failing to raise this point at trial. The trial judge opined:

> [F]or the first time Spang argues that from the maps, slides, photographs and brochures combined with the testimony as to the length, width and depth of the slag pile the Court could itself calculate the amount of slag in the buffer zone.
>
> As to the Court making such a calculation U.S.S. properly maintains that,
>
>> "Spang cannot now, at the post-trial stage, make an argument which it never presented in any form whatsoever to the trial court."

(Opinion of the trial court, 4/11/85, p. 2)

However, after discussing *Romesberg, supra,* the trial court concluded "[i]t is in the interest of justice and the administration of justice that the record now be re-opened and that the parties develop and present evidence that is available as to the amount of slag that [is inventory]."

In 1974, our Supreme Court rejected the notion of basic and fundamental error as a basis for an appellate court to review trial errors in spite of the lack of timely objection. *Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974). Although *Dilliplaine, supra,* points to the necessity of raising an objection at trial, we find its reasoning to be applicable to the case before us where one party failed to initially sustain its burden of proof:

> This process removes the professional necessity for trial counsel to be prepared to litigate the case fully at trial and to create a record adequate for appellate review. The ill-prepared advocate's hope is that an appellate court

will come to his aid after the fact and afford him relief despite his failure at trial to object to an alleged error. The diligent and prepared trial lawyer—and his client—are penalized when an entire case is retried because an appellate court reverses on the basis of an error opposing counsel failed to call to the trial court's attention.

457 Pa. at 257, 322 A.2d at 116.

Even though the new trial was limited to the issue of damages, we find such not to be justified under our modern system of jurisprudence, when the *only* basis for retrial is to prove damages and there has been no explanation for appellee's failure to sustain its initial burden.

Order reversed.