18 F.3d 179
 18 Employee Benefits Cas. 2795
 The NEW YORK STATE TEAMSTERS COUNCIL HEALTH AND HOSPITAL
FUND, Everett L. Campbell, James M. Carlton, Ronald Morin,
Victor C. Olivadoti, Paul E. Bush, Dawson Cunningham, Frank
Posato, and Anthony R. Simoes, as Trustees of the New York
State Teamsters Council Health and Hospital Fund,
Plaintiffs-Appellants-Cross-Appellees,
v.
The ESTATE OF Rocco F. DePERNO, Rocco A. DePerno, and
Patricia DePerno, Defendants-Appellees-Cross-Appellants.
 Nos. 955, 956, Docket 93-7870, 93-7896.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 11, 1994.
Decided March 7, 1994.
 
 Peter Buscemi, Wash., D.C. (Jennifer L. Rand, Morgan, Lewis & Bockius, Wash., D.C., David E. Peebles, Hancock & Estabrook, N.Y., on the brief), for plaintiffs-appellants-cross-appellees.
 Roger W. Bradley, Syracuse, N.Y. (Emil M. Rossi, Melvin & Melvin, Syracuse, N.Y., on the brief), for defendants-appellees-cross-appellants.
 Before: NEWMAN, Chief Judge, WINTER, Circuit Judge, and BRIEANT,* District Judge.
 JON O. NEWMAN, Chief Judge:
 
 
 1
 This appeal raises questions relating to the allocation of burdens of proof and the award of attorney's fees for violations of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1101-1461 (1988 & Supp. IV 1992). The New York State Teamsters Council Health and Hospital Fund and its trustees (collectively "the Fund") appeal from the March 8, 1993, judgment of the District Court for the Northern District of New York (Magistrate Judge David N. Hurd), as amended by orders entered May 17, 1993, and July 23, 1993. Judge Hurd found that appellees Rocco F. DePerno ("Trustee DePerno"), a former trustee for the Fund, and Rocco A. DePerno ("Attorney DePerno"), Trustee DePerno's son and the former counsel for the Fund, had violated several provisions of ERISA, but that plaintiffs had failed to prove any losses due to the violations, and that they were therefore entitled to neither damages nor their attorney's fees. We conclude that after the plaintiffs sustained their burden of showing the defendants' violation of their fiduciary duty to the Fund and the payment of money as a result of that violation, the burden should have shifted to the defendants to demonstrate factors mitigating the costs incurred by the plaintiffs. We therefore affirm the District Court's finding that the defendants violated ERISA, but remand for reconsideration of damages.
 
 Background
 
 2
 Attorney DePerno owned the Sea Shell Inn, a seasonal restaurant in Verona Beach, New York, from 1980 until December 1987, when the restaurant was destroyed by fire. From 1981 to 1986, Trustee DePerno employed two cooks from the Sea Shell Inn as maintenance workers at the Fund's headquarters, an office building in Utica ("the Fund building"), during the months when the Sea Shell Inn was closed for business. In the years preceding and following the employment of the cooks as maintenance workers, and during the summer months when the cooks worked at the Sea Shell Inn, the Fund building had only two maintenance workers. The hiring of the cooks at the Fund building increased the number of maintenance workers from two to four, except in the first year of their employment at the building, when there were a total of three maintenance workers.
 
 
 3
 Plaintiffs presented evidence that the paid hours attributable to maintenance work in the non-summer months from 1982 to 1986 were roughly double, on a monthly basis, the paid hours for maintenance work in the non-summer months from 1986 to 1988. Plaintiffs contend that Trustee DePerno hired the cooks to do maintenance work at the Fund building in order to ensure the cooks' continued employment at Attorney DePerno's Inn, for the benefit of the DePernos and perhaps the cooks but not the Fund, and hence in violation of ERISA.
 
 
 4
 The prior proceedings. After the appellants served their complaint on the DePernos for ERISA violations, the DePernos brought counterclaims for defamation of Attorney DePerno based on the alleged publication to union membership of the minutes of a September 2, 1987, meeting of the Teamsters Joint Council, and unjust removal of Attorney DePerno from his position as counsel for the Fund. By a February 23, 1990, order, the District Court for the Northern District of New York (Thomas J. McAvoy, Chief Judge) granted the plaintiffs' motion for summary judgment as to the defendants' counterclaims. After further discovery, the parties agreed that all further proceedings in the case, including trial, would be conducted before a Magistrate Judge.
 
 
 5
 In a March 5, 1993, decision, Magistrate Judge Hurd held that Trustee DePerno and Attorney DePerno had both violated various provisions of ERISA by causing the cooks to be hired to do maintenance work at the Fund building. 816 F.Supp. 138. The Magistrate Judge concluded, however, that the plaintiffs were entitled to only $1.00 in nominal damages because they failed to demonstrate the extent of their harm, if any. Asserting that the plaintiffs had the burden of proof as to damages, Judge Hurd reasoned that the extra expenditures for maintenance workers during the winters of 1981-86, when the cooks worked at the Fund building, did not prove that the Fund had not received fair value for the payments, i.e., the benefit of the work performed by the cooks. Finally, applying the "five factor test" adopted by this Circuit, see Anita Foundations, Inc. v. ILGWU National Retirement Fund, 902 F.2d 185, 188 (2d Cir.1990); Chambless v. Masters, Mates & Pilots Pension Plan, 815 F.2d 869, 871-72 (2d Cir.1987), the Court determined that the plaintiffs were not entitled to attorney's fees because they had failed to confer a benefit on Plan members through the litigation, the relative merits of the parties were equal, and an award of attorney's fees in this case would not act as a deterrent to future violations.
 
 
 6
 Following the plaintiffs' motion to amend the judgment, Judge Hurd issued an amending order on May 17, 1993, awarding the plaintiffs attorney's fees for the defendants' counterclaims. He concluded that the defamation counterclaims were raised solely for the purpose of trial strategy, and not to redress the deprivation of legal rights. Again applying the five factor test, the Magistrate Judge determined that by defeating the counterclaims, the plaintiffs conferred a benefit on plan members, and that an award of attorney's fees would deter parties from asserting fraudulent or meritless counterclaims in ERISA litigation. Judge Hurd instructed the plaintiffs to apply for attorney's fees and expenses "with regard to the dismissal of the defendants' counterclaims only." After the plaintiffs submitted an application for fees and expenses totaling $80,746.29, Judge Hurd rejected the application in its entirety, regarding it as excessive and a roundabout effort to recover legal fees related to the claims in the plaintiffs' complaint.
 
 Discussion
 
 7
 ERISA defines a "party in interest" as follows:
 
 
 8
 The term "party in interest" means, as to an employee benefit plan--
 
 
 9
 (A) any fiduciary ..., counsel, or employee of such employee benefit plan;
 
 
 10
 (B) a person providing services to such plan;
 
 
 11
 ....
 
 
 12
 (H) an employee ... of a person described in subparagraph (B)....
 
 
 13
 29 U.S.C. Sec. 1002(14).
 
 
 14
 Trustee DePerno was a party in interest under subparagraph (A); Attorney DePerno was a party in interest under subparagraphs (A) and (B); and the cooks were parties in interest under subparagraph (H). In his March 5, 1993, decision, Magistrate Judge Hurd found that Trustee DePerno had violated (1) section 404(a)(1) of ERISA, 29 U.S.C. Sec. 1104(a)(1), by failing to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries"; (2) section 406(a)(1)(C) and (D) of ERISA, 29 U.S.C. Sec. 1106(a)(1)(C) and (D), by causing the Fund to engage in transactions prohibited because they involved parties in interest; and (3) section 406(b)(1) of ERISA, 29 U.S.C. Sec. 1106(b)(1), by dealing with the assets of the Fund in his own interest. Judge Hurd's conclusion that Trustee DePerno breached his fiduciary duty to the Fund in violation of ERISA by hiring Attorney DePerno's summer cooks as maintenance men at the Fund building is well supported by the record.[1]
 
 
 15
 In discussing the issue of damages, the Magistrate Judge noted the general rule that a plaintiff bears the burden of proving the fact of damages. See Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 263-66, 66 S.Ct. 574, 579-80, 90 L.Ed. 652 (1946); Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 562-67, 51 S.Ct. 248, 250-52, 75 L.Ed. 544 (1931). In the law of trusts, however, it has been held that once the beneficiaries have established their prima facie case by demonstrating the trustees' breach of fiduciary duty, "the burden of explanation or justification ... shift[s] to the fiduciaries." Nedd v. United Mine Workers of America, 556 F.2d 190, 210 (3d Cir.1977), cert. denied, 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 757 (1978); see also Geddes v. Anaconda Copper Mining Co., 254 U.S. 590, 599, 41 S.Ct. 209, 212, 65 L.Ed. 425 (1921); cf. 5 Austin W. Scott & William F. Fratcher, Law of Trusts Sec. 515, at 609 (4th ed. 1989) ("Where a person has wrongfully mingled trust funds with his own, the burden is on him to show how much of the mingled fund is his own...."). With respect to damages, the Third Circuit in Nedd held that once the plaintiffs established the trustees' breach of their duty of loyalty, the trustees bore the burden of proving any "set off" to the extent of their liability. 556 F.2d at 212-14.
 
 
 16
 The Fourth Circuit has also discussed the burden of proof issue with respect to damages in a case involving breach of fiduciary duty. In Brink v. DaLesio, 667 F.2d 420 (4th Cir.1982), DaLesio, the principal officer of the local teamsters union, and Bell, the administrator for the union's employee benefit trust funds, arranged to move the union's office space to a building owned by Bell, at a monthly rental rate that was more than double the rate previously paid by the union. In an apparent quid pro quo, Bell provided DaLesio with free personal access to Bell's seashore condominium. Id. at 425-26. The District Court found that DaLesio had breached a fiduciary duty but, like the District Court in the case at bar, concluded that the plaintiffs had failed to prove any loss to the union, and awarded the plaintiffs only $1 in nominal damages. Id. at 426. The Fourth Circuit noted that the District Court had erred in placing the burden on the plaintiffs to prove damages. "It is generally recognized that one who acts in violation of his fiduciary duty bears the burden of showing that he acted fairly and reasonably." Id. (citing Geddes, 254 U.S. at 599, 41 S.Ct. at 212, and Nedd, 556 F.2d at 210-11). The Court held that the plaintiffs were entitled to recover for whatever portion of the rent that DaLesio, the defendant, could not demonstrate was "fair and reasonable under all of the circumstances." Id.
 
 
 17
 We have suggested that these principles of trust and fiduciary law should be applied specifically in the ERISA context. In Marshall v. Snyder, 572 F.2d 894 (2d Cir.1978), the trustees and employees of a union's ERISA plans performed work for both the union and the benefit plans, yet they drew their salaries from Record Processors, Inc. ("RPI"), a corporation that was funded entirely by one of the employee benefit plans. As in the pending case, we agreed with the District Court in Snyder that such payment to parties in interest out of employee benefit plan funds was a prohibited transaction under ERISA, 29 U.S.C. Sec. 1106(a)(1)(C). Id. at 900. The defendants argued that the salaries they were paid were presumptively reasonable because they were within the limits set by a prior consent agreement with the Secretary of Labor. Id. at 896-97, 900. In affirming the District Court's injunction that prohibited any further payments from RPI to the defendants, we noted that "the burden of proof is always on the party to the self-dealing transaction to justify its fairness." Id. at 900 (citing Nedd, 556 F.2d at 210-11); see also Brick Masons Pension Trust v. Industrial Fence & Supply, 839 F.2d 1333, 1338 (9th Cir.1988) (where plaintiffs have demonstrated that employer breached ERISA by failing to keep adequate records of work for which employer should have made contributions to trust funds under collective bargaining agreement, burden shifted to employer to demonstrate how much of work in question was not covered by agreement); Combs v. King, 764 F.2d 818, 825-27 (11th Cir.1985).
 
 
 18
 The case at bar differs from Snyder only in that the remedy sought here is damages rather than injunctive relief. The plaintiffs have shown that the defendants breached a fiduciary duty to the Fund by expending $45,484.15 over five winters on two maintenance employees who were "parties in interest." Proof of that expenditure alone, even without the further proof that the employment of these two workers doubled the number of maintenance workers ordinarily employed at the Fund building, was sufficient to shift to the defendants the burden to show that the employment of these two workers, and the corresponding expense, was "fair and reasonable under all of the circumstances." See Brink, 667 F.2d at 426. If the defendants cannot persuade the trier that the services rendered by the two additional maintenance workers were reasonably necessary, the fund is entitled to its entire payment. If the workers were reasonably necessary, then the defendants must prove that the value of their reasonably necessary services at least equaled the sums paid; otherwise, the plaintiffs are entitled to recover damages for the difference.
 
 
 19
 After making a determination on the damages question with the burden of proof properly placed on the defendants, the Magistrate Judge should re-apply the "five factor test" to determine whether the plaintiffs are entitled to recover any of their attorney's fees on the claims of their complaint. Whether or not the Magistrate Judge finds that the plaintiffs are entitled to fees with respect to those claims, he should, consistent with his conclusion that the counterclaims were raised solely for trial strategy, allow the plaintiffs reasonable compensation for their fees in defending against the counterclaims. In making a fee award, the Magistrate Judge is entitled to disallow any portion of the claimed fees that he determines to be excessive, and, if he ultimately awards no relief on the claims of the complaint, to disallow any portion of the fees that are not related to the defense of the counterclaims.
 
 
 20
 Remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Charles L. Brieant of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 Judge Hurd also found that Attorney DePerno was liable for violating the same ERISA provisions on the basis of our prior holding that "parties who knowingly participate in fiduciary breaches may be liable under ERISA to the same extent as the fiduciaries," Lowen v. Tower Asset Management, Inc., 829 F.2d 1209, 1220 (2d Cir.1987). Appellants do not challenge this ruling