The NEW YORK STATE TEAMSTERS
COUNCIL HEALTH AND
HOSPITAL FUND,

and

Everett L. Campbell, James M. Carlton,
Ronald Morin, Victor C. Olivadoti, Paul
E. Bush, Dawson Cunningham, Frank
Posato, and Anthony Simoes, as Trust-
ees of the New York State Teamsters
Council Health and Hospital Fund,
Plaintiffs,

v.

The ESTATE OF Rocco F. DePERNO,
Rocco A. DePerno, and Patricia
DePerno, Defendants.

No. 88–CV–1035.

United States District Court,
N.D. New York.

July 8, 1994.

Morgan, Lewis & Bockius, Washington,
DC, Peter Buscemi, of counsel, for plaintiffs.

Emil M. Rossi, Syracuse, NY, Michael J.
Vavonese, Roger W. Bradley, of counsel, for
defendants.

### MEMORANDUM–DECISION and ORDER

HURD, United States Magistrate Judge.

### I. *Introduction.*

This action was commenced on October 4,
1988, by plaintiffs alleging violations of the
Employee Retirement Income Security Act
("ERISA") during the period of October
1981, through March 1986. The court, after
a four day bench trial, concluded that two of
the defendants, Rocco F. and Rocco A. De-
Perno had violated several sections of
ERISA. *New York State Teamsters Council
Health & Hosp. Fund v. Estate of DePerno,*

816 F.Supp. 138 (N.D.N.Y.1993) [hereinafter *Teamsters I* ].

The court also ruled that the plaintiffs were entitled to "attorneys' fees and expenses with regard to the dismissal of the defendants' counterclaims *only.*" Memorandum–Decision and Order dated May 17, 1992 (emphasis added). In response thereto, plaintiffs' attorneys submitted an application seeking $79,130.00 in attorneys' fees and $1,633.29 in expenses. This was based upon the work of six attorneys totaling 549.9 hours at hourly rates from $75.00 to $235.00 per hour. The court rejected that application in its entirety on the grounds that "the plaintiffs' application (was) a patent abuse of legal process." Memorandum–Decision dated July 22, 1993. On appeal, the Second Circuit remanded and instructed the court to "allow plaintiffs reasonable compensation for their fees in defending against the counterclaims." *New York State Teamsters Council Health & Hosp. Fund v. Estate of DePerno,* 18 F.3d 179, 183 (2d Cir.1994) [hereinafter *Teamsters II* ].

## II. *Discussion.*

In determining a reasonable fee, the court considers a variety of factors including "the difficulty of the questions involved; the lawyers' experience, ability and reputation; the customary fee charged by the bar for similar services; and the amount involved." *F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1263 (2d Cir.1987); *Mar Oil, S.A. v. Morrissey,* 982 F.2d 830, 841 (2d Cir.1993). In addition, the court may look "to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir.1992).

In determining the reasonableness of plaintiffs' request for attorneys' fees, the court's task is to determine the lodestar amount, namely, the number of hours reasonably expended in dismissing the counterclaims, multiplied by the reasonable hourly rate. *See i.e., Pennsylvania v. Delaware Valley Citizens Council for Clean Air,* 478 U.S. 546, 563, 106 S.Ct. 3088, 3097, 92

L.Ed.2d 439 (1986); *F.H. Krear & Co.,* 810 F.2d at 1264. The reasonable hourly rate is computed by considering those rates that "are in line with those prevailing in the community for similar services of lawyers of reasonable and comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891 (1984); *see also Missouri v. Jenkins,* 491 U.S. 274, 286, 109 S.Ct. 2463, 2470, 105 L.Ed.2d 229 (1989) "Certain variable criteria such as the novelty of the case and the individual attorney's skill are sublimed into this initial calculation." *Wells v. Bowen,* 855 F.2d 37, 43 (2d Cir.1988). The lodestar amount is presumed to be the reasonable fee to which the attorney is entitled. *See, Blum,* 465 U.S. at 896, 104 S.Ct. at 1547; *New York State Nat'l Org. for Women v. Terry,* 737 F.Supp. 1350, 1359 (S.D.N.Y. 1990).

■ The plaintiffs divided the hours worked into two categories: (1) partners (Buscemi and Weir); and (2) associates (Buckley, Strandberg, Adams, and Alger). The services were incurred between 1988 and 1990. Buscemi and Weir seek attorneys' fees at rates between $200.00 to $235.00 per hour. Buckley, Strandberg, Adams, and Alger seek rates between $75.00 to $170.00 per hour. The defendants have submitted affidavits from experienced attorneys practicing within the Northern District of New York stating that the reasonable hourly rates would be between $75.00 and $110.00 per hour. In light of all these submissions and its own experience, the court finds that an hourly rate of $120.00 for partners and $90.00 for associates are reasonable rates for the services rendered in the Northern District of New York between 1988 and 1990.

■ In the following table, the court calculates the fee award by applying the reasonable rates from the immediately preceding paragraph to the hours *reasonably* expended by the plaintiffs in dismissing the defendants' counterclaims.

| Category | Hours | Rate | Allowance |
|---|---|---|---|
| Two partners | 20.7 | $120.00 | $2,484.00 |
| Four associates | 87.4 | 90.00 | 7,866.00 |
| Total | 108.1 | | $10,350.00 |

This figure of $10,350.00 is considerably lower than the $79,130.00 that plaintiffs submitted as attorneys' fees. It is a reasonable fee, however, in light of a relatively simple matter in dismissing the obviously "baseless" and "groundless" counterclaims on motion. *See* Memorandum–Decision dated July 22, 1993. From a painstaking review of the billing statements submitted by the plaintiffs, it is obvious that the partners and associates unnecessarily duplicated their services by reviewing and revising each other's work product. In addition, most of the hours are grossly disproportionate to the tasks at hand. Finally, many of the hours must be disallowed as *"not* related to the defense of the counterclaims." *Teamsters II,* 18 F.3d at 183 (emphasis added).

A firm must furnish a reasonable balance between providing adequate legal services and the cost of same, especially when the client hopes to shift the fee burden. A court will not permit a prevailing party to foist an unreasonable fee upon its adversary. *F.H. Krear & Co.,* 810 F.2d at 1263. This court must follow the directions of the Second Circuit "to disallow any portion of the claimed fees that he determines to be excessive." *Teamsters II,* 18 F.3d at 183. Upon all of the submissions, the court finds that $10,-350.00 represents a reasonable fee under the circumstances for securing the dismissal of the defendants' counterclaims.

With respect to the application for expenses, the plaintiffs failed to submit any bills or invoices to show that they were actually incurred. In the absence of any contemporaneous records, the court would be entitled to completely deny such an application. *See Lewis v. Coughlin,* 801 F.2d 570 (2d Cir.1986); *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136 (2d Cir.1983). However, the court is aware that certain expenses were incurred and could have been proven simply by retaining the bills or receipts. In the absence of the appropriate documentation, the court will award fifty per cent (50%) of the request, to wit, $816.64.

Accordingly, it is ordered that the clerk enter judgment in favor of the plaintiffs against the defendants, The Estate of Rocco F. DePerno and Rocco A. DePerno in the sum of $16,534.25, representing $10,350.00 attorneys fees, $816.00 expenses, and $5,368.25 prejudgment interest from February 12, 1990.[1]

IT IS SO ORDERED.

---

1. Prejudgment interest has been determined by applying annual rates of 11% in 1990, 11% in 1991, 9% in 1992, 8% in 1993, and 4% for the first six months in 1994, compounded yearly. These rates are based on the federal short term rate pursuant to the Internal Revenue Code, 26 U.S.C. § 6621, guidelines for underpayment of taxes. The date has been selected as the last date on which legal services were rendered on the counterclaims.