STORY PARCHMENT COMPANY *v.* PATERSON PARCHMENT PAPER COMPANY ET AL.

No. 57. Argued January 19, 20, 1931.—Decided February 24, 1931.

*Messrs. Isadore Levin* and *Edward O. Proctor,* with whom *Mr. Edward C. Park* was on the brief, for petitioner.

558

*Mr. Edward F. McClennen,* with whom *Mr. Joseph M. Dohan* was on the brief, for respondents.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is an action arising under the Sherman Anti-Trust Act to recover damages resulting from an alleged conspiracy between respondents and West Carrollton Parchment Company, not joined for lack of jurisdiction, to monopolize interstate trade and commerce in vegetable parchment, exclude the petitioner therefrom, and destroy its business in such trade and commerce. A jury returned a verdict for petitioner in the sum of $65,000, but in the alternative for the respondents " if, as a matter of law, the plaintiff is not entitled to a verdict." The trial court approved the verdict and rendered judgment for treble the amount of the damages in accordance with § 7 of the act. On appeal to the circuit court of appeals,

the judgment was vacated and the case remanded to the trial court with directions to enter judgment for respondents upon the ground that petitioner had not sustained the burden of proving that it had suffered recoverable damages. 37 F. (2d) 537.

Respondents seek to sustain this judgment upon that ground and also upon the additional ground, which the lower court found against them, that there was no evidence of a conspiracy or combination to monopolize interstate trade. Because there was no cross-petition for certiorari, petitioner insists that the additional ground is not open here for consideration. But respondents do not invoke that ground in order to overthrow the judgment below, but to sustain it; and this they may do. *Langnes v. Green, ante,* p. 531.

The point, however, is readily disposed of. There is evidence in the record to the effect that the three companies named, prior to the time petitioner entered the field, had maintained uniform prices and enjoyed a substantial monopoly of the interstate trade in parchment paper. There is also evidence, sufficient to justify the action of the district court in submitting the issue to the jury, that after petitioner began business the three companies combined and conspired to continue this monopoly in violation of § 2 of the Sherman Anti-Trust Act, c. 647, 26 Stat. 209. The verdict of the jury and the judgment thereon of the district court have the effect of a finding in favor of petitioner upon that issue; and to that extent the verdict and judgment were sustained by the court below. There is enough evidence in the record to preclude an interference on our part with these concurrent findings. That the petitioner was injured in its business and property as a result of this unlawful combination we think also finds sufficient support in the evidence. Questions in respect of the liability of the wrongdoers to respond in damages alone remain to be considered.

The trial court submitted to the jury for consideration only two items of damages, (1) the difference, if any, between the amounts actually realized by petitioner and what would have been realized by it from sales at reasonable prices except for the unlawful acts of the respondents; and (2) the extent to which the value of petitioner's property had been diminished as the result of such acts.

The view of the court of appeals that no recovery could be had in respect of the first item apparently rests upon its conclusions that there was no basis for a reasonable inference that prices in excess of those actually realized would have prevailed if there had been no combination; and that, in any event, there was no damage which could be measured and expressed in figures not based on speculation and conjecture.

There was evidence from which the jury reasonably could have found that in pursuance of the conspiracy respondents sold their goods below the point of fair profit, and finally below the cost of production; that petitioner had an efficient plant and sales organization, and was producing a quality of paper superior to that produced by either of the three companies; and that current prices, shown in detail, were higher during a period antedating the unlawful combination and price cutting in pursuance of it than afterward. It does not necessarily follow, of course, that these higher prices would have continued except for the conspiracy, but it is fair to say that the natural and probable effect of the combination and price cutting would be to destroy normal prices; and there was evidence of the prices received by petitioner before the cut prices were put into operation, and those received after, showing actual and substantial reductions, and evidence from which the probable amount of the loss could be approximated. The trial court fairly instructed the jury in substance that if they were satisfied that the old prices were

reasonable and that they would not have changed by reason of any economic condition, but would have been maintained except for the unlawful acts of the respondents, the jury might consider as an element of damages the difference between the prices actually received and what would have been received but for the unlawful conspiracy.

Upon a consideration of the evidence we are of opinion that it was open to the jury to find that the price cutting and the resulting lower prices were directly attributable to the unlawful combination; and that the assumption indulged by the court below, that respondents' acts would have been the same if they had been acting independently of one another, with the same resulting curtailment of prices, must be rejected as unsound.

Nor can we accept the view of that court that the verdict of the jury, in so far as it included damages for the first item, cannot stand because it was based upon mere speculation and conjecture. This characterization of the basis for the verdict is unwarranted. It is true that there was uncertainty as to the extent of the damage, but there was none as to the fact of damage; and there is a clear distinction between the measure of proof necessary to establish the fact that petitioner had sustained some damage, and the measure of proof necessary to enable the jury to fix the amount. The rule which precludes the recovery of uncertain damages applies to such as are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong and only uncertain in respect of their amount. *Taylor* v. *Bradley,* 4 Abb. Ct. App. (N. Y.) 363, 366–367:

"It is sometimes said that speculative damages cannot be recovered, because the amount is uncertain; but such remarks will generally be found applicable to such damages as it is uncertain whether sustained at all from the breach. Sometimes the claim is rejected as being too

remote. This is another mode of saying that it is uncertain whether such damages resulted necessarily and immediately from the breach complained of.

" The general rule is, that all damages resulting necessarily and immediately and directly from the breach are recoverable, and not those that are contingent and uncertain. The latter description embraces, as I think, such only as are not the certain result of the breach, and does not embrace such as are the certain result, but uncertain in amount."

Where the tort itself is of such a nature as to preclude the ascertainment of the amount of damages with certainty, it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts. In such case, while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show the extent of the damages as a matter of just and reasonable inference, although the result be only approximate. The wrongdoer is not entitled to complain that they cannot be measured with the exactness and precision that would be possible if the case, which he alone is responsible for making, were otherwise. *Eastman Kodak Co.* v. *Southern Photo Co.*, 273 U. S. 359, 379. Compare *The Seven Brothers*, 170 Fed. 126, 128; *Pacific Whaling Co.* v. *Packers' Assn.*, 138 Cal. 632, 638. As the Supreme Court of Michigan has forcefully declared, the risk of the uncertainty should be thrown upon the wrongdoer instead of upon the injured party. *Allison* v. *Chandler*, 11 Mich. 542, 550–556. That was a case sounding in tort, and at page 555 the court, speaking through Christiancy, J., said:

" But shall the injured party in an action of tort, which may happen to furnish no element of certainty, be allowed to recover no damages (or merely nominal), because he can not show the exact amount with cer-

tainty, though he is ready to show, to the satisfaction of the jury, that he has suffered large damages by the injury? Certainty, it is true, would thus be attained; but it would be the certainty of injustice.

" Juries are allowed to act upon probable and inferential, as well as direct and positive proof. And when, from the nature of the case, the amount of the damages can not be estimated with certainty, or only a part of them can be so estimated, we can see no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount; so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit."

And again in *Gilbert* v. *Kennedy,* 22 Mich. 117, 129 *et seq.,* also a tort action, the court, through the same eminent judge, pointed out that cases will often occur in which it is evident that large damages have resulted, but where no reliable data or element of certainty can be found by which to measure with accuracy the amount. Rejecting the view that in such cases the jury should give only nominal, that is, in effect, no damages, leaving the injured party without redress, the court said (p. 130):

" To deny the injured party the right to recover any actual damages in such cases, because they are of a nature which cannot be thus certainly measured, would be to enable parties to profit by, and speculate upon, their own wrongs, encourage violence and invite depredation. Such is not, and cannot be the law, though cases may be found where courts have laid down artificial and arbitrary rules which have produced such a result."

After pointing out that there could be no just principle requiring a higher degree of certainty in the evidence upon which the damages are to be estimated than in reference to other branches of the case, the court said [p. 131] that

where from the nature of the case damages could not be measured with certainty by a fixed rule, the facts and circumstances tending to show the probable amount of such damages should be submitted to the jury to enable them to form—

"such reasonable and probable estimate, as in the exercise of good sense and sound judgment they shall think will produce adequate compensation. There is no sound reason in such a case, as there may be, to some extent, in actions upon contract, for throwing *any part* of the loss upon the injured party, which the jury believe from the evidence he has sustained; though the precise amount cannot be ascertained by a fixed rule, but must be matter of opinion and probable estimate. And the adoption of any arbitrary rule in such a case, which will relieve the wrong-doer from any part of the damages, and throw the loss upon the injured party, would be little less than legalized robbery.

"Whatever of uncertainty there may be in this mode of estimating damages, is an uncertainty caused by the defendant's own wrongful act; and justice and sound public policy alike require that he should bear the risk of the uncertainty thus produced; . . ."

As was said by Judge Anderson in his dissenting opinion below, there are many cases in which damages are allowed where the element of uncertainty is at least equal to that in the present case—as, for example, copyright and trade mark cases, cases of unfair competition, and many cases of personal injury. See also *Straus* v. *Victor Talking Mach. Co.,* 297 Fed. 791, 802, a case very much like the present one, except that the plaintiffs were buyers and were compelled to pay higher prices for goods because of the unlawful acts of defendants, instead of being obliged, as here, to sell at lower prices. Numerous decisions are there cited in support of the statement, that "The constant tendency of the courts is to find some way

in which damages can be awarded where a wrong has been done. Difficulty of ascertainment is no longer confused with right of recovery."

It is not easy to reconcile the decision in the present case with what was said by the same court in *Linen Thread Co.* v. *Shaw*, 9 F. (2d) 17, 19, namely, that " The rule that damages, if uncertain, cannot be recovered, applies to their nature, and not to their extent. If the damage is certain, the fact that its extent is uncertain does not prevent a recovery."

Disposing of the second item of damages, the court below, after referring to evidence tending to show that petitioner was not in a thriving financial condition, said that petitioner was without capital to meet the situation which it faced, even if there had been no conspiracy and there had been open competition; and that its failure was inevitable either from lack of capital or inefficient management or both. The court, therefore, concluded that petitioner had not sustained the burden of proving that the depreciation in value of its plant was due in any measurable degree to any violation of the Sherman Act by the respondents. But this conclusion rested upon inferences from facts within the exclusive province of the jury, and which could not be drawn by the court contrary to the verdict of the jury without usurping the functions of that fact finding body. Whether the unlawful acts of respondents or conditions apart from them constituted the proximate cause of the depreciation in value, was a question, upon the evidence in this record, for the jury " to be determined as a fact, in view of the circumstances of fact attending it." *Milwaukee & St. Paul Ry. Co.* v. *Kellogg*, 94 U. S. 469, 474. And the finding of the jury upon that question must be allowed to stand unless all reasonable men, exercising an unprejudiced judgment, would draw an opposite conclusion from the facts. *Missouri, K. & T. Ry. Co.* v. *Byrne*, 100 Fed. 359, 363; *Travelers'*

*Ins. Co.* v. *Melick,* 65 Fed. 178, 181; *Chicago G. W. Ry. Co.* v. *Price,* 97 Fed. 423, 429. It would be going far here to say that this qualifying exception has been met.

There was evidence to the effect that petitioner's plant had cost $235,000, of which $90,000 had been used to purchase and install a parchmentizing machine. After petitioner had been compelled to close its business, as a result, we must now assume, of the unlawful acts of the respondents, this property for the purpose of that business was abandoned. That some depreciation in the value of the plant must have resulted is obvious. The treasurer of petitioner estimated the market value of the plant after it had been closed down at $75,000. If this estimate be accepted, the depreciation was far more than the entire amount of the verdict, which included both items of damages. It is true that the treasurer was an interested witness and that he was not an expert; and the court in its charge expressly directed the attention of the jury to those facts. But it was for the jury to determine the weight of the evidence, the credit to be given the witness, and the extent to which his testimony should be acted upon. That there was actual damage due to depreciation in value was not a matter of speculation, but a fact which could not be gainsaid. The amount alone was in doubt; and, in the light of the foregoing discussion as to the first item of damages, the proof is sufficiently certain and definite to support the verdict of the jury in that respect.

Other assignments of error made on the appeal from the district court were not considered by the court below. No argument in support of these assignments has been submitted here, and respondents assume that they will be remitted for the consideration of the court below if the judgment of that court be reversed. The entire record, however, is before this court with power to review the action of the court of appeals and direct such disposition of the case as that court might have made of it upon the

appeal from the district court. *Lutcher & Moore Lumber Co. v. Knight*, 217 U. S. 257, 267; *Delk v. St. Louis & S. F. R. Co.*, 220 U. S. 580, 588. And see *Langnes* v. *Green, supra.* Accordingly, we have examined these assignments, some eight in number. One or more of them involve questions which have been disposed of by the foregoing opinion. We find nothing in any of the others of sufficient substance or materiality to call for consideration.

*The judgment of the court of appeals is reversed and that of the district court affirmed.*