**TRANS WORLD AIRLINES, INC., Plaintiff,**

v.

**47TH STREET PHOTO, INC., et al., Defendants.**

**No. 88 Civ. 1936 (JSM).**

United States District Court, S.D. New York.

Nov. 8, 1990.

---

Reaves & Yates by James A. Reaves, New York City, for plaintiff.

Stein Zauderer Ellenhorn Frischer & Sharp by Roanne L. Mann, New York City, for defendant Catalog Media Corp.

## MEMORANDUM OPINION AND ORDER

MARTIN, District Judge:

This matter is before the Court on *in limine* motions by Trans World Airlines, Inc. and Catalog Media Corporation seeking a ruling with respect to the calculation of damages in this action.

TWA's claims relate to a promotional campaign involving coupons redeemable for a 25% discount on TWA airfare or an upgrade to the next fare class or service level. It is alleged that the program was developed by defendant Jay Walker, the president of defendant Catalog Media Corporation. According to TWA's complaint, Catalog's coupons were supposed to be sold only through participating Catalog coupon companies and would be sold for $25 each. In an attempt to minimize the impact of the discount coupons on TWA's regular customers, the program was designed to target leisure travelers and to prevent, insofar as possible, coupons becoming available to travel agents or business travelers. Thus, among other restrictions, coupons were supposed to be sold only to customers who made a minimum purchase from the retailer's catalog and were limited to no more than two (2) coupons purchased from each catalog company. TWA alleges that the defendants who were to distribute the coupons under the program engaged in gross violations of the contract restrictions, including bulk sales of coupons to travel agents.

With respect to the issue of damages, TWA contends that it is entitled to recover the full fare ticket price of any ticket purchased with a coupon and, where an upgrade was involved, the difference between the price of the upgraded service and the service from which the upgrade was made. Defendants contend, on the other hand, that in order to establish that it was damaged TWA must show that the traveler who used the improperly issued coupons would have traveled on TWA at the full fare or in the upgraded service in the absence of the inducement provided by the coupon. Defendants also contend that they are entitled to offset against any damage that TWA suffered as a result of the use of improperly issued coupons any profit TWA derived from holders of invalid coupons who traveled on TWA solely because they had the coupon available.

In the Court's view, the proper resolution of the issue of damages lies somewhere between the extremes presented by the parties. While we agree with defendants' contention that "TWA is entitled to recover only those damages sufficient to place it in a position it would have been in had the contractual breach not occurred" (see Defendants' Memorandum, p. 17) and reject plaintiff's contention that they are entitled to recover the full value of all services provided to persons traveling with unauthorized coupons, we reject defendants' contention that to recover damages TWA must prove that the person utilizing the unauthorized coupon would have traveled on TWA even without the inducement of the coupon.

Although the fact that TWA has sustained damages must be proved with certainty, the amount of damages need not be calculated with absolute certainty or mathematical precision. *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563, 51 S.Ct. 248, 250–251, 75

L.Ed. 544 (1931); *S & K Sales Co. v. Nike, Inc.*, 816 F.2d 843, 852 (2d Cir.1987); *Felice Fedder Oriental Art, Inc. v. Scanlon*, 708 F.Supp. 551, 559 (S.D.N.Y.1989); *Borne Chem. Co. v. Dictrow*, 85 A.D.2d 646 at 650–51, 445 N.Y.S.2d 406 at 413 (2d Dept. 1981). Evidence that, as a matter of just and reasonable inference, shows the existence of damages and the extent thereof will suffice, even though the result is only an approximation. *Story Parchment*, 282 U.S. at 563, 51 S.Ct. at 250, 75 L.Ed. 544; *In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1139 (2d Cir.1987); *Felice Fedder*, 708 F.Supp. at 558; *Cristallina S.A. v. Christie, Manson & Woods International*, 117 A.D.2d 284, 295, 502 N.Y.S.2d 165, 173 (1st Dept.1986). If TWA introduces evidence showing that a traveler used an invalidly issued coupon to obtain either a full-fare ticket at a discount price or an upgrade in class of service, such uncontested proof would satisfy the preponderance of the evidence standard in establishing TWA's damages in an amount equal to the difference between the amount paid by the coupon holder and the full fare or upgrade price.

Defendants are free, of course, to offer proof to show that in fact a measurable percentage of those who traveled using the improperly issued coupons would not have traveled on TWA or would not have utilized the upgraded service were it not for the inducement of the coupon. Such proof would reduce the damages which TWA could recover and, indeed, if defendants are correct that TWA actually profited through the use of illegally issued coupons, the trier of fact might conclude that TWA has not been damaged at all.

Our holding is consistent with *Transworld Airlines Inc. v. American Coupon Exchange, Inc.*, 913 F.2d 676 (9th Cir.1990). In the Court's discussion of the plaintiff's motion for summary judgment on its fourth theory of damages (that brokered frequent flyer coupons are used by passengers who would otherwise pay TWA, rather than ACE (the defendant) for their tick-

et), the Court states that the evidence presented "does tend to support TWA's theories of damages and that TWA has every right to put Mr. Smith (TWA's Director of Business Marketing whose declaration supports TWA's theory of damages) in front of a jury and ask them to believe his testimony." *Id.* at 692–693.[1]

We think it appropriate in this case to place the burden on the defendants to establish that TWA is not entitled to recover the full value of the service it provided. To the extent that there is uncertainty as to the damage TWA suffered it appears appropriate to cast that risk of that uncertainty on the defendants who fraudulently distributed discount coupons in express violation of their contractual obligations. *Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 926 (2d Cir. 1977); *Autowest, Inc. v. Peugeot, Inc.*, 434 F.2d 556, 565 (2d Cir.1970); *Lee v. Joseph E. Seagram & Sons, Inc.*, 552 F.2d 447, 455 (2d Cir.1977); *Perma Research & Devel. v. Singer Co.*, 542 F.2d 111, 116 (2d Cir.1976), *cert. denied*, 429 U.S. 987, 97 S.Ct. 507, 50 L.Ed.2d 598 (1976); *Alexander's Department Stores v. Ohrbach's, Inc.*, 269 A.D. 321, 56 N.Y.S.2d 173, 179 (1st Dept.1945).

SO ORDERED.

---

**1.** The Court does go on to state, however, that "Mr. Smith's declaration is barely probative of damages; certainly it is not 'so one-sided that [TWA] must prevail as a matter of law.'"