---

**DISSENT**

---

SUHRHEINRICH, Circuit Judge, dissenting. I dissent from the majority's conclusion that there was enough evidence produced at trial to support the jury's finding of liability on the antitrust component of the alleged Robinson-Patman violation. The district judge set aside the jury's verdict after examining the record and finding that there was not enough evidence for the jury to conclude by a preponderance of the evidence that the lost sales at Plaintiffs' service stations were caused by the difference between the rack price and the DTW price. I agree with the district judge and adopt the analysis in his opinion of December 9, 1999, as my dissent.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0020P (6th Cir.)
File Name: 02a0020p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

THOMAS M. SCHWARTZ;
SCHWARTZ SERVICES, LTD.;
T & J ENTERPRISES,
    *Plaintiffs-Appellants/*
    *Cross-Appellees,*

Nos. 99-2347/2393

*v.*

SUN CO., INC. (R & M),
    *Defendant-Appellee/*
    *Cross-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 96-72862—Avern Cohn, District Judge.

Argued: January 25, 2001

Decided and Filed: January 16, 2002

Before: MARTIN, Chief Judge; SUHRHEINRICH, Circuit Judge; OLIVER, District Judge.[*]

---

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

————————————

**COUNSEL**

**ARGUED:** Harry C. Storm, ABRAMS, WEST, STORM & DIAMOND, Bethesda, Maryland, for Appellants. A. Christopher Young, PEPPER HAMILTON LLP, Philadelphia, Pennsylvania, for Appellee. **ON BRIEF:** Harry C. Storm, ABRAMS, WEST, STORM & DIAMOND, Bethesda, Maryland, for Appellants. A. Christopher Young, William J. Brennan, James M. Brogan, PEPPER HAMILTON LLP, Philadelphia, Pennsylvania, James N. Martin, Amy M. Johnston, MARTIN, BACON & MARTIN, Mt. Clemens, Michigan, for Appellee.

MARTIN, C. J., delivered the opinion of the court, in which OLIVER, D. J., joined. SUHRHEINRICH, J. (p. 8), issued a separate dissenting opinion.

————————————

**OPINION**

————————————

BOYCE F. MARTIN, JR., Chief Judge. On June 21, 1996, plaintiff Thomas Schwartz, the franchisee or co-franchisee of several gas stations in the Flint, Michigan area, sued his franchiser, Sun Company, because Sun was selling its Sunoco brand gas to competing stations at prices lower than the price Sun was charging Schwartz. Schwartz asserted that Sun's two-tiered pricing scheme was anticompetitive and discriminatory pursuant to the Robinson-Patman Act, 15 U.S.C. § 13(a), violated the open price term provision of the Uniform Commercial Code, MICH. COMP. LAWS § 446.2305, and constituted a breach of Sun's franchise agreement with him. On February 26, 1998, the district court granted Sun summary judgment on the breach of contract claim. The jury trial began on November 17 and lasted nine days. The December 4 verdict awarded Schwartz damages in the amount of $2,486,138 – $2,353,283 (after trebling, *see* 15 U.S.C. § 15(a)) on the Robinson-Patman claim and $132,855 on the

Oil Price Information Service. Schwartz had nothing of the sort, and thus he did not establish his prima facie case on this point. The district court correctly set aside this portion of the verdict.

III.

For the reasons stated herein, we AFFIRM in part and REVERSE in part, and REMAND to the district court for further proceedings consistent with this opinion

open price term claim. However, the district court subsequently granted Sun's motion for judgment as a matter of law, *see* FED. R. CIV. P. 50(b), vacated the entire award, and dismissed the action on October 21, 1999. We AFFIRM in part and REVERSE in part.

Two separate, although similar, standards of review apply to this appeal. As a federal question, the Robinson-Patman Act issue is treated as it was by the district court in the first place. *See K & T Enters., Inc. v. Zurich Ins. Co.*, 97 F.3d 171, 175 (6th Cir. 1996). "The evidence should not be weighed. The credibility of the witnesses should not be questioned. The judgment of this court should not be substituted for that of the jury." *Id.* at 175-76. Instead, we must "view the evidence 'in the light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in his favor.'" *Riverview Invs., Inc. v. Ottawa Cmty. Improvement Corp.*, 899 F.2d 474, 482 (6th Cir.1990) (quoting *Morelock v. NCR Corp.*, 586 F.2d 1096, 1104 (6th Cir.1978)). On the other hand, the district court should be affirmed if reasonable minds could not come to a conclusion other than the one that the court reached. *See K & T Enters.*, 97 F.3d at 176. For the open price term claim, however, an issue of state law, we examine the question as a Michigan state court would. Thus, the district court should be upheld if the evidence introduced at trial and all available reasonable inferences from it did not create a prima facie case, and reasonable persons would agree that there was an essential failure of proof. *See Auto Club Ins. Ass'n v. General Motors Corp.*, 552 N.W.2d 523, 525 (Mich. 1996).

This case is extraordinarily fact intensive, and the record thoroughly documents the bulk of those facts. At this juncture, our role is limited to analyzing what Schwartz must have shown at trial in order to prevail and whether he can be said to have done so. We confine our discussion accordingly.

## I.

We have previously summarized the Robinson-Patman Act to require proof that (1) the defendant discriminated in price

there is price discrimination of the sort involved here, the overall financial health of the disfavored purchaser will usually be affected for the worse. We already have recognized this proposition in our precedents. *See Kroger v. FTC*, 438 F.2d 1372, 1378 (6th Cir. 1971) (quoting *National Dairy Products Corp. v. FTC*, 395 F.2d 517, 522 (7th Cir. 1968) ("It is unnecessary that there be evidence that the favored customer actually undersold his rivals; a substantial price advantage can afford a favored buyer a material capital advantage by enlarging his profit margin in a highly competitive field.")). Automobile gasoline is such a field. It was reasonable for the jury to tie Schwartz's financial injury to Sun's conduct, even if it had an impact only on his bottom line. This determination should not be disturbed, and the jury's Robinson-Patman Act verdict for Schwartz should be reinstated.

## II.

The contract for gasoline between Schwartz and Sun included an open price term that the seller, Sun, would fix at the time of each sale. The Uniform Commercial Code permits this if the ultimate prices are set "in good faith," a concept which "includes observance of reasonable commercial standards of fair dealing." MICH. COMP. LAWS ANN. § 440.2305 (1994). On this issue, Schwartz introduced only the naked fact of Sun's price discrimination. We agree with the district court that Schwartz failed to introduce any background evidence against which the commercial reasonableness of the prices Sun had charged him could be assessed. Such evidence is critical: a jury may not decide in a vacuum whether a particular price for a particular item in a particular industry is appropriate. *See, e.g., TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 549 (6th Cir. 1981). It was incumbent upon Schwartz to prove that the prices he paid Sun for its gasoline, even if they were higher than what others in the same situation paid for the same product, were illegal. Had the reasonableness of the prices that the jobbers paid been at issue, we note that Sun offered some measure by which it could have been ascertained, the daily reports of the

between different purchasers of commodities of like grade and quality, and (2) the effect of that discrimination was to substantially lessen competition or tend to create a monopoly in any line of commerce. *See D.E. Rogers Assocs., Inc. v. Gardner-Denver Co.*, 718 F.2d 1431, 1438-39 (6th Cir. 1983).

The parties do not dispute that the so-called "jobbers," Sun distributors that also operated stations of their own, were receiving gasoline from Sun at lower prices than the ones at which Sun was selling it to Schwartz. Sun defends its practice as a "functional discount," justified by certain services that the jobbers performed on its behalf. We agree with the district court that Sun failed to satisfy its burden of proof on this point, and thus that the price difference amounted to Robinson-Patman discrimination. *See* 15 U.S.C. § 13(b). A private plaintiff's success on Robinson-Patman's second prong requires both a "competitive injury," either a potential injury to competition generally or a diminution of the business opportunities of a defined class of competitors, and an "antitrust injury," a present injury that is actually traceable to the benefits conferred upon the favored competitor. As the district court found, Schwartz proved competitive injury. *See FTC v. Morton Salt Co.*, 334 U.S. 37, 46-47 (1948). We disagree with the district court on the sufficiency of Schwartz's proof of antitrust injury.

It is well-established that proving antitrust injury should not be unduly rigorous. *See Stelwagon Mfg. Co. v. Tarmac Roofing Sys.*, 63 F.3d 1267, 1273-74 (3d Cir. 1995), summarized the applicable law:

Because damage issues in these cases are rarely susceptible to the kind of concrete, detailed proof of injury which is available in other contexts, the Supreme Court has repeatedly held that in the absence of more precise proof, the factfinder may "conclude as a matter of just and reasonable inference from the proof of defendants' wrongful acts and their tendency to injure plaintiffs' business, and from the evidence of the decline

in prices, profits and values, not shown to be attributable to other causes, that defendants' wrongful acts had caused damage to the plaintiffs." *Bigelow v. RKO Pictures, Inc.*, 327 U.S. 251, 264 (1946); *see also Eastman Kodak Co. v. Southern Photo Materials Co.*, 273 U.S. 359, 377-79 (1927); *Story Parchment Co. v. Paterson Parchment Paper, Co.*, 282 U.S. 555, 561-66 (1931); *J. Truett Payne Co. v. Chrysler Motors Corp.*, 451 U.S. 557, 565-66 (1981) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123-24 (1969)). [Still,] although the proof requirements . . . are "less than stringent," *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1540 (3d Cir. 1990), there must be some direct evidence of injury to support an award of damages. *See id.*

Where there is evidence, as in this case, which tends to show that Schwartz's losses were a result of Sun's conduct, as well as evidence which tends to show that his losses were attributable to other factors, it is normally up to the trier of fact to decide which is the case. *See Costner v. Blount Nat'l Bank Maryville, Tenn.*, 578 F.2d 1192, 1194-95 (6th Cir. 1978). Viewing the evidence in the light most favorable to Schwartz, we believe there was enough evidence produced at trial to support the jury's finding of liability.

If nothing else, Schwartz showed that the volume of gasoline sold at his stations decreased when the jobbers opened Sun stations nearby that sold the same gas at a lower retail price. It was reasonable for the jury to infer from this that Schwartz customers became customers of the jobbers, who were offering lower prices because of the lower price at which they were receiving the gas from Sun. Indeed, credit card receipts introduced at trial indicated that numerous former Schwartz customers began to patronize the jobber locations for their gasoline needs. Furthermore, we find that the documentary evidence of differences in retail price insisted upon by the district court, assuming that it does not in fact exist in the record, was unnecessary for a verdict in Schwartz's favor. It is sensible to acknowledge that whenever