**Louis MILBURN (James West), Plaintiff–Appellee–Cross–Appellant,**

v.

**Thomas A. COUGHLIN, III, Defendant–Appellant–Cross–Appellee.**

**Nos. 02–86(L), 02–96XAP.**

United States Court of Appeals, Second Circuit.

Dec. 12, 2003.

Richard A. Nessler, White & Case, LLP, New York, N.Y., for Plaintiff.

Thomas B. Litsky, Assistant Solicitor General, State of New York Office of the Attorney General, New York, N.Y., for Defendant.

Present: OAKES, POOLER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order be AFFIRMED in part, and VACATED in part and REMANDED.

On appeal, Defendant raises four reasons why the district court's finding of civil contempt should be reversed. These reasons are either meritless or improperly raised for the first time on appeal. As an initial matter, Defendant concedes that three of these arguments were not presented to the district court. "It is well established that a reviewing court usually does not consider an issue not passed upon below." *Stephenson v. Doe*, 332 F.3d 68, 75 –76 (2d Cir.2003) (internal citations omitted). Defendant does not claim that it will suffer manifest injustice if its claims are not considered on appeal. *See Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 142 (2d Cir.2000). Further, several of Defendant's claims are not pure legal inquiries. *Id.* Finally, Defendant's only claim properly on appeal, that the evidence did not support the district court's finding that Defendant failed to provide inmates with confidentiality when they met with health care providers, is meritless because the district court did not abuse its discretion in relying on the testimony of West and the court appointed monitor in arriving at this conclusion. Accordingly, Defendant's claims on appeal are rejected and we hereby AFFIRM the district court's finding that Defendants violated the *Milburn* Judgment.

On appeal, West argues that the district court erred in failing to award any compensatory damages. "The district court's

380

factual findings regarding the nature and source of [the plaintiff's] injuries are reviewed for clear error." *Mathie v. Fries*, 121 F.3d 808, 813 (2d Cir.1997). The assessment of monetary sanctions in a civil contempt proceeding serves two purposes: to coerce future compliance and to compensate the plaintiff for any harms caused by the contempt. *See United States v. United Mine Workers*, 330 U.S. 258, 304, 67 S.Ct. 677, 91 L.Ed. 884 (1947). With regard to the second purpose, the amount of the compensatory award must be based on a showing of actual injury. *See E.E.O.C. v. Local 638*, 81 F.3d 1162, 1177 (2d Cir.1996). However, once actual injuries are shown, compensatory damages must be awarded. *See Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir.1979) ("The district court is not free to exercise its discretion and withhold an order in civil contempt awarding damages," to the extent they are established).

In this case, the district court committed clear error when it refused to award West any compensatory damages. As an initial matter, the fact that compensatory damages may be difficult to ascertain does not relieve the district court of its duty to award compensatory damages if actual injuries are suffered. *See Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 562, 51 S.Ct. 248, 75 L.Ed. 544 (1931) ("The rule which precludes the recovery of uncertain damages applies to such as are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong and only uncertain in respect of their amount."); *Compania Pelineon De Navegacion, S.A. v. Texas Petroleum Co.*, 540 F.2d 53, 56 (2d Cir.1976).

The record indicates that West suffered considerable injury as a result of Defendant's violation of the *Milburn* Judgment. The district court found that West was denied physical therapy for his lower ex-

tremities for over five years. As a result of this, West may have suffered two significant injuries: (1) he was confined to a wheel chair for several years; and (2) as a result of being wheelchair bound, he developed bilateral ankle contractures.

There is competing evidence in the record below regarding to what extent Defendant's failure to provide West with physical therapy caused him to become wheelchair bound. Nonetheless, it is clear from the record that West suffered some actual injury as a result of Defendant's breach. Accordingly, we hereby VACATE the district court order denying West's request for compensatory damages and REMAND this case to the district court so that it can determine an appropriate compensatory damages award.