NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0550-15T4

DILMUROD AKRAMOV,

 Plaintiff-Appellant,

v.

AMY DELUCA,

 Defendant-Respondent.

________________________________________________________________

 Submitted November 19, 2016 – Decided August 21, 2017

 Before Judges Fasciale and Sapp-Peterson.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Docket No. SC-
 708-15.

 Sabir Law Group, attorneys for appellant
 (Mohammed I. Shariff, on the brief).

 Amy DeLuca, respondent pro se.

PER CURIAM

 This is an appeal from the judgment of the Special Civil

Part, which dismissed plaintiff Dilmurod Akramov's complaint, in

which he sought to recover his security deposit, attorney's fees
and costs, and granted defendant Amy DeLuca's counterclaim seeking

damages arising out of plaintiff's occupancy of a condominium unit

she owned and leased to him. We affirm.

 The evidence presented at trial disclosed that the parties

entered into a lease agreement for the condominium in April 2011.

Plaintiff resided at the premises for four years. According to

plaintiff, the condominium unit was seventeen years old at the

time he moved in. Defendant did not install new carpeting at that

time. He did not like the color of the walls, and defendant gave

him permission to paint.

 When he moved out, nothing was broken. He indicated that

the "[b]athtub paint was little bit peeling," which he believed

was caused by "water damage." He denied breaking the countertop

and testified that there were stains on the Formica countertop

when he moved in. He testified that he never used all of the

outlets and, therefore, could not state whether they were all

operable at the time he moved in.

 Plaintiff acknowledged the existence of stains on the carpet,

but stated that since the carpet was not new, he attributed its

condition to normal wear and tear. He also testified that he

broke the door knob, but defendant agreed to replace it if he

purchased the door knob, which he did.

 2 A-0550-15T4
 Plaintiff further testified that before moving out he steam-

cleaned the carpets and painted the walls. He then demanded the

return of his $1350 security deposit. Defendant, in turn, demanded

that plaintiff pay for damages, which she claimed he caused.

 Under cross-examination, plaintiff stated that he did not

recall what precautions he took to make sure the quality of the

paint job was equivalent to the existing paint job at the time he

moved in because he had painted the walls four years earlier. He

acknowledged that his daughter may have written on the walls and

put some marks on the carpet with a marker, but that he took care

of these conditions before he moved out.

 In her testimony, defendant detailed the damages to the

property caused during plaintiff's tenancy and introduced

photographs depicting some of the damages about which she

testified. She also presented receipts for repairs performed and

estimates for items she testified needed to be replaced. Starting

with the kitchen, defendant testified the stove top was full of

grime and caked-on grease, which she was unable to remove. There

was a sticker placed on the refrigerator, which she was also unable

to remove. In addition, there were burn marks on the Formica

countertops. In the master bathroom, the bathtub and sink were

chipped. Defendant stated she gave plaintiff permission to paint,

but that the painting was of poor quality. She described paint

 3 A-0550-15T4
and bleach marks on the carpet throughout the condo and that

plaintiff painted over the wall outlets. There was writing on the

walls that appeared to have been done by a child.

 Finally, defendant acknowledged that she did not deposit

plaintiff's security deposit in a separate interest-bearing

account or give plaintiff notice of where the security deposit had

been deposited. She testified that she deposited the security

deposit in her personal account, which is interest-bearing.

 In its findings, the trial court largely credited the

testimony of defendant, noting that she produced photographs of

the condition of the premises, as well as receipts and estimates

for the work that had yet to be performed. The photographs

admitted into evidence also included photographs of the premises

prior to plaintiff's occupancy.

 The judge initially found that defendant improperly comingled

plaintiff's security deposit with other funds and determined that

plaintiff was entitled to damages in the amount of $1770, which

included interest, calculated from the date the tenancy commenced.

Turning to defendant's counterclaim, the court credited

defendant's testimony regarding damage plaintiff caused to the

Formica countertop, one of the stove burners, the carpeting, the

walls, the bathroom sink and tub, and awarded defendant $3332 in

damages. After subtracting $1770 for the amount of the security

 4 A-0550-15T4
deposit, which included seven percent interest, the court entered

judgment for defendant on her counterclaim for $1562. The present

appeal followed.

 On appeal, plaintiff contends "[t]he trial court's order

granting defendant replacement cost for items allegedly damaged

during plaintiff's tenancy is not supported by the facts, and [is]

contrary to prevailing law." We disagree.

 Our standard of review is highly deferential. All that is

required is that the facts, as found by the judge, be supported

by adequate competent evidence in the record. Rova Farms Resort,

Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). So

long as the trial judge's findings are "supported by adequate,

substantial and credible evidence[,]" they will be affirmed. Id.

at 484. Our task is, therefore, limited. We will not "engage in

an independent assessment of the evidence as if [we] were the

court of first instance." N.J. Div. of Youth & Family Servs. v.

Z.P.R., 351 N.J. Super. 427, 433 (App. Div. 2002) (alteration in

original) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)).

Therefore, "we do not disturb the factual findings and legal

conclusions . . . unless we are convinced that they are so

manifestly unsupported by or inconsistent with the competent,

relevant and reasonably credible evidence as to offend the

interests of justice[.]" Ibid. (quoting Fagliarone v. Twp. of N.

 5 A-0550-15T4
Bergen, 78 N.J. Super. 154, 155 (App. Div.)). certif. denied, 40

N.J. 221 (1963).

 We accord particular deference to findings of credibility.

Even when a trial judge does not expand upon credibility

determinations, those determinations are entitled to deference if

supported by the evidence presented. These findings "are often

influenced by matters such as observations of the character and

demeanor of witnesses and common human experience that are not

transmitted by the record." Locurto, supra, 157 N.J. at 474

(citations omitted).

 With our review guided by these principles, we discern no

basis to intervene in this matter. Plaintiff's challenge to the

findings by the trial court primarily focuses upon the trial

court's factual determination that the countertop and sink are not

susceptible to wear and tear, which plaintiff contends was

"arbitrary and capricious because [the trial court] fails to base

[its] judgment on any legal grounds." To support this contention,

plaintiff references a letter sent to defendant in April 2015,

which explained the useful life or depreciable life of the Formica

countertop, porcelain sink, and carpet.

 The letter, written by an attorney from Arkansas contains

data from various sources, including the United States Treasury

Regulations and the International Association of Certified Home

 6 A-0550-15T4
Inspectors. The letter detailed the economic or depreciated value

of a number of the items defendant testified plaintiff damaged.

 The court was under no obligation to credit this evidence

over defendant's testimony. Here, the judge relied upon the

photographs admitted into evidence, which depicted the condition

of the bathtub, sink, and Formica countertop; and the receipts

defendant produced evidencing actual costs she incurred and

projected estimates for further repairs.

 In describing the damage to the sink, for example, the court

stated that it was unaware that "you could possibly get those

chips there. But it truly does look hideous." The court also

observed that there were "big noticeable burn marks from a pot[,]"

on the Formica countertop. It found the damage to the Formica

countertop and sink "significant."

 In resolving whether plaintiff had damaged one of the stove

burners, the court stated: "Why would you pay to have a burner

fixed if it wasn't broken? She has an invoice that that's the

amount that was paid[.]" Likewise, the court credited defendant's

testimony regarding the need to re-glaze the bathtub, noting "[w]hy

would you have that done if it didn't need to be done?"

 The brief submitted in support of plaintiff's appeal states,

with regard to the Formica countertop and porcelain sink, that

"the factual assessment of whether the item was damaged or not is

 7 A-0550-15T4
not at question." Rather, plaintiff challenges the court's

consideration of depreciation for the damages to the carpet, but

not of depreciation for the Formica countertop and porcelain sink.

In that regard, the court did not find as a fact that such items

don't depreciate. Instead, the court stated they "are not things

that really depreciate with time. They pretty much last forever

unless you actively do damage to it."

 Thus, the court implicitly implied that in the absence of

active damage, these items would not require replacement because

of normal wear and tear--as distinguished from a carpet, which the

judge observed "fades with the sunlight. People walk on it. There

are just even in the normal course of using it you will get

stains[.]"

 "[W]hile the damages may not be determined by mere speculation

or guess, it will be enough if the evidence shows the extent of

the damages as a matter of just and reasonable inference, although

the result be only approximate." Story Parchment Co. v. Paterson

Parchment Paper Co., 282 U.S. 555, 563, 51 S. Ct. 248, 250, 75 L.

Ed. 544, 548 (1931). We are satisfied the trial court's

credibility determinations are supported by the evidence and

entitled to our deference. See Locurto, supra, 157 N.J. at 471.

The damages award was not so wide of the mark that it resulted in

 8 A-0550-15T4
a denial of justice. See, e.g., Rova Farms, supra, 65 N.J. at

484.

 Finally, plaintiff's claim that the trial court's damages

award reflects its improper consideration of defendant's testimony

that she wanted to sell her condominium is without merit. While

the court commented that the condition of the premises would not

be favorable to prospective purchases, we view these comments as

gratuitous and in no manner indicative of the measure of damages

for the items it found plaintiff damaged.

 Affirmed.

 9 A-0550-15T4