**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2574-16T4

RITA VAN DOIMEN,

    Plaintiff,

v.

V&C LIQUORS, INC.,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

PUBLIC SERVICE ELECTRIC AND GAS
COMPANY, (PSE&G),

    Defendant/Third-Party
    Defendant-Respondent.

_____

        Submitted February 28, 2018 – Decided August 10, 2018

        Before Judges Nugent and Currier.

        On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7838-13.

        Dell'Italia & Santola, attorneys for appellant (John P. Dell'Italia, on the brief).

        Peter L. Agostini, attorney for respondent.

PER CURIAM

This appeal involves the claim of V&C Liquors, Inc., against PSE&G, for fire damage to V&C's Newark liquor store.[1] A jury found PSE&G 100 percent liable and awarded V&C $200,000 for property damage and $14,700 for lost rent. The trial judge granted PSE&G's motion for relief from that part of the judgment entered on the $200,000 property damage claim. In doing so, the court concluded it had erred by permitting V&C's principal to testify to the amount of a contractor's $200,000 proposal to repair the fire damage. V&C appeals from the implementing order.

Because V&C relied on the court's erroneous ruling in presenting its proofs at trial, we conclude the proper remedy is a new trial. Otherwise, due solely to judicial error, V&C will be deprived unfairly of the opportunity to present alternative proofs, and PSE&G will unjustly avoid the consequences of its negligence. We thus reverse and remand for a new trial solely on V&C's property damage claim.

These are the facts. V&C owns a three-story wood-frame building in Newark, where it operates a liquor store on the first

---

[1] The record is unclear as to whether V&C Liquors, Inc. filed its claim against PSE&G as a cross-claim or third-party complaint. The parties refer to themselves in their appellate briefs as third-party plaintiff and third-party defendant. The trial pleadings in the appellate record, including the order from which V&C appeals, do not include third-party designations. In any event, the distinction is not relevant to the appellate issues.

floor and rents the apartments on the second and third floors. In October 2011, fire damaged the building. V&C alleged the fire occurred when a PSE&G transformer malfunctioned, causing arcing along cables or wires that ignited the vinyl siding on the building. On the last day of a five-day trial, a jury agreed and found PSE&G's negligence to be the sole cause of the fire. This liability determination has not been challenged.

The jury awarded $14,700 to compensate V&C for lost rent and $200,000 to compensate V&C for the fire damage to the building. Neither party challenges the award for lost rent. On its motion for relief from the judgment, PSE&G challenged the competency of V&C's proofs of the cost to repair the fire damage. The trial court determined it had erred by admitting at trial V&C's hearsay evidence of the cost to repair the fire damage, vacated the $200,000 fire damage award, and left standing the judgment on the jury's verdict for lost rent.

These were V&C's proofs concerning the fire damage. Devender N. Chhabra, a dentist and V&C's principal, testified he hired an expert — a consulting, structural, and civil engineer — to inspect the damage. Dr. Chhabra walked around the outside of the building and through the entire inside of the building with the expert. Dr. Chhabra paid for a report from the expert, the purpose of which "was to find out the degree of damage and what [Dr. Chhabra

could] do in the most economical way to get the thing back so that [he] could rent the apartments." The expert rendered a report detailing the damage.

Next, Dr. Chhabra hired a contractor. He and the contractor inspected the exterior of the building and every room with the engineer's report in hand, so the contractor could determine the cost to repair the damage the engineer had specified. The contractor gave Dr. Chhabra a "Proposal" to make the repairs. The Proposal contained a detailed itemization of the repairs the contractor would perform. The contractor included in the Proposal the cost to make the repairs, which was $200,000.

The engineer testified at the trial. The contractor did not. During Dr. Chhabra's testimony concerning the contractor's Proposal, the following exchange took place:

> Q: Okay. And how - - by the way, you received other proposals. Is that right you said?
>
> A: I did.
>
> Q: Were they higher or lower than this?
>
> [DEFENSE COUNSEL]: Objection. Relevance, hearsay.
>
> THE COURT: Overruled.
>
> Q: Okay, were they higher or lower?
>
> A: Much higher than that, sir.
>
> [DEFENSE COUNSEL]: Objection.

THE COURT: Sidebar.

[DEFENSE COUNSEL]: Sidebar.

(Sidebar on at 10:57:26 a.m.)

(Inaudible sidebar)[2]

(Sidebar off at 10:59:31 a.m.)

Q: And how much is this bid for, Doctor? What's the price?

A: It's $200,000.

[PLAINTIFF'S COUNSEL]: Your Honor, I would ask at this point, I have this exhibit blown up, I'd like to have it put into evidence for the jury to just see it.

[DEFENSE COUNSEL]: My - - my objection to admission into evidence stands. My objection is running. No foundation.

THE COURT: Okay, base - - based upon the case law, I'm sustaining the objection. It's - - it's - - so it's not going into evidence.

[PLAINTIFF'S COUNSEL]: Okay, but the amount is going in?

[DEFENSE COUNSEL]: Objection.

[PLAINTIFF'S COUNSEL]: His testimony is - -

---

[2] Many sidebar conferences were unrecorded because they were "inaudible." The trial judge should have taken appropriate measures to assure the side-bar conferences were being recorded. R. 1:2-2. "The requirement for the recording of 'all proceedings' must be understood to include side-bar conferences related in any way to the trial of the action." Pressler & Verneiro, Current N.J. Court Rules, cmt. 3.1 on R. 1:2-2 (2018).

[DEFENSE COUNSEL]: His testimony is what it is.

[PLAINTIFF'S COUNSEL]: Is $200,000.

[DEFENSE COUNSEL]: His testimony is what it is, Your Honor.

THE COURT: The testimony is what it is.

[PLAINTIFF'S COUNSEL]: Yes, sir. Thank you.

PSE&G filed a motion for relief from the judgment, seeking an order "alter[ing] the judgment entered in this matter to reflect an award of $14,700 for lost rents based on the competent, admissible evidence at trial." PSE&G alleged the court erred by admitting hearsay evidence, namely, Dr. Chhabra's testimony that the contractor's Proposal to repair the fire damage was $200,000. PSE&G also argued that because there was no competent evidence of the cost to repair the fire damage, the trial court was required to grant the motion and "mold the damages verdict to $14,700 based upon the competent, admissible evidence presented at trial."

The trial court granted PSE&G's motion. During the oral opinion it delivered, the trial court made the following observations. First, V&C's counsel had advised the court a witness from the construction company was unavailable, but counsel intended to present through Dr. Chhabra's testimony the amount of the construction company's Proposal. Second, counsel for PSE&G

had been in receipt of the Proposal for "over four years and never secured any witnesses nor evidence to refute the contents of the Proposal." The court was apparently aware of these considerations when it ruled at trial that Dr. Chhabra could not introduce into evidence the documentary Proposal but could testify to its contents.

The court granted PSE&G's motion on the ground that Dr. Chhabra's testimony about the $200,000 Proposal was inadmissible hearsay. Concluding that expert testimony was required to establish the damages, and because in the court's view the "$200,000 for damages never should have gone to the jury because there was not a proper foundation," the court declared the original October 20, 2016 order of judgment would be amended to include only the rental damages of $14,700. This appeal followed.

On appeal, V&C does not argue the trial court erred in its post-judgment decision that Dr. Chhabra's testimony concerning the Proposal was inadmissible hearsay. Rather, it relies on case law holding the mere uncertainty as to the quantum of damages is an insufficient basis to deny relief to a non-breaching party to a contract. V&C also argues the court incorrectly determined expert testimony was needed to establish damages and, therefore, abused its discretion by granting PSE&G's motion.

PSE&G responds the trial court correctly granted the motion to correct the verdict because the sum the jury awarded for fire damage was based on inadmissible hearsay. PSE&G argues that absent the inadmissible hearsay, V&C failed to meet its burden of proving its damage claim.

We agree with the trial court's post-verdict decision that it erred when it permitted Dr. Chhabra to testify to the amount of the Proposal. We disagree with the remedy. The court should have granted a new trial on the limited issue of the fire damage.

"The primary purpose of tort law is that of compensating plaintiffs for the injuries they have suffered wrongfully at the hands of others." Berman v. Allan, 80 N.J. 421, 427 (1979). Thus, as our Supreme Court has recognized in another context:

> The courts of this and other jurisdictions have long held that where a wrong itself is of such a nature as to preclude the computation of damages with precise exactitude, it would be a "perversion of fundamental principles of justice to deny all relief to the injured [party], and thereby relieve the wrongdoer from making any amend for his acts."
>
> [Id. at 428 (alteration in original) (quoting Story Parchment Co. v. Patterson Parchment Paper Co., 282 U.S. 555, 563 (1931)).]

Of course, "damages may not be determined by mere speculation or guess." Ibid. Here, however, that is not what happened.

The contractor's quotation of $200,000 to repair the fire damage was not tantamount to speculation or guesswork. To the contrary, it was the contractor's price to repair the fire damage observed directly by the engineer, the doctor, and the contractor. The Proposal was also, according to Dr. Chhabra, the lowest of several proposals he obtained. Nonetheless, Dr. Chhabra's testimony about the content of the Proposal was hearsay. V&C submits no exception to the rule barring hearsay, N.J.R.E. 802.

At trial, the court apparently ruled it would not admit the actual Proposal into evidence, but would permit Dr. Chhabra to testify to its content.[3] The trial court did not explain either at trial or in its decision on PSE&G's post-verdict motion why it admitted the hearsay evidence. Perhaps because PSE&G had the report for four years before trial and presented no expert to counter it, the trial court believed there was "no bona fide dispute between the parties as to a relevant fact," and the evidence could thus be proved "by any relevant evidence" without application of exclusionary rules. N.J.R.E. 101(a)(4). Whatever the reasoning, the court reversed its decision on the post-verdict

---

[3] Because the sidebar addressing the issue was not recorded, we are unable to determine whether PSE&G objected to both the admission of the document into evidence and Dr. Chhabra's reference to it, or only the admission of the document into evidence. In its appellate brief, PSE&G suggests it objected to both. V&C does not dispute that assertion.

motion. By doing so in that context, the court deprived V&C of the opportunity to present alternative, competent evidence.

Once the trial court admitted Dr. Chhabra's hearsay testimony concerning the $200,000 Proposal, V&C needed to present no further evidence on damages, a point underscored by the jury's verdict. Had the court barred the hearsay testimony, V&C could have taken measures to present alternative, competent evidence. For example, it could have requested a short adjournment to accommodate a witness from the construction company who prepared the estimate. V&C also could have requested the court's permission and authority to videotape the testimony of the witness. Given the procedural manner in which the court reversed itself, V&C was deprived of the opportunity to do so.

For these reasons, and based on the unique factual situation presented in this case, we hold the appropriate remedy is the grant of a new trial on the damage issue, not its dismissal. A contrary result — such as that reached in this case — undermines the primary purpose of tort law, namely, compensating plaintiffs for injuries they have suffered wrongfully at the hands of others; unjustly relieves a wrongdoer from making amends for its act; and is fundamentally unfair to the party who has relied on the trial court's evidentiary ruling, which is precisely what litigants are expected to do. See Berman, 80 N.J. at 427-28.

The retrial on damages shall proceed without undue delay. Since the time for discovery ended years ago, we see no reason why the trial cannot be scheduled expeditiously.

Reversed and remanded for a new trial on the issue of the compensation to which V&C is entitled as the result of fire damage to its building. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION